**Rudy Paul GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–82–0108–CR.**

Court of Appeals of Texas,
Amarillo.

Jan. 28, 1983.

Jack Stoffregen, Lubbock, for appellant.

John T. Montford, Dist. Atty., Yvonne M. Faulks, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Rudy Paul Gonzales brings this appeal from his conviction of burglary of a building. After a plea of guilty his punishment was assessed by the jury at fifteen years confinement in the Texas Department of Corrections and a fine of $500.00. For reasons hereinafter set out, we affirm the judgment of conviction.

Appellant raises three grounds of alleged error. In ground one he asserts error on the part of the trial court in failing to grant

appellant's motion to dismiss for failure to provide a speedy trial under the Texas Speedy Trial Act. In ground two he argues error in the admission of his oral and written confessions into evidence as there was no adequate showing of an affirmative waiver of appellant's "Miranda" rights. In ground three he reasons that the trial court erred in admitting appellant's written confession into evidence as, he alleges, that confession was taken in violation of his right to remain silent.

The State's evidence shows that late in the evening of August 7, 1981, the Air Cleaner Market, Inc. located in Lubbock, Texas was burglarized. Missing from the premises were a cash box, a Check Master check writer, a check book, some calculators and a television set. Appellant, who had been an employee, was arrested on August 14, 1981. On August 15, 1981, appellant was interviewed by Lubbock County Sheriff Keesee and Deputy Bill Drewell, at which time appellant was informed of his *Miranda* rights. As a result of this interview, appellant led the officers to a location where some of the stolen property was found. On August 18, 1981, after being again advised of his *Miranda* rights, appellant made a written confession.

On January 11, 1981, appellant was brought to trial upon the charge of burglary. After a preliminary hearing on a motion to suppress, the trial court ruled that both appellant's oral and written statements would be admitted into evidence. Appellant then pled guilty to the indictment in chief and true to the enhancing paragraph for the commission of a previous offense. Trial then proceeded before the jury for assessment of punishment.

■ In considering ground one we note, as stated above, that a plea of guilty waives the rights accorded by Tex.Code Crim.P. art. 32A.02, commonly known as the Speedy Trial Act.* *Flores v. State,* 606 S.W.2d 859 (Tex.Cr.App.1980); *Ramirez v. State,* 590 S.W.2d 509 (Tex.Cr.App.1979). The only exception to that rule is if the plea was entered pursuant to an agreement or understanding that the merits of a motion to dismiss under the Act would be preserved for appeal. *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981). Appellant does not assert such a purported agreement or understanding and nothing in the record indicates any such agreement or understanding. Hence, appellant's plea waived any right he may have had under the Act. Ground of error one is overruled.

In argument under ground two appellant asserts that, on both occasions when appellant was read his *Miranda* warnings he was allowed to respond only after all warnings were read, and, his only response was "I understand." He reasons that that simple statement can not be taken to be an affirmative, intelligent waiver of his *Miranda* rights and, therefore, the State did not meet the heavy burden of showing the required knowing and intelligent waiver of his right to remain silent.

■ At a hearing on the admissibility of a confession, the trial court is the trier of the facts and the judge of the credibility of the witnesses and the weight to be given their testimony. He can accept or reject the testimony of witnesses, including a defendant, in determining the issues before him and his findings of fact will be upheld if supported by the evidence. *Vigneault v. State,* 600 S.W.2d 318 (Tex.Cr.App.1980); *White v. State,* 591 S.W.2d 851 (Tex.Cr.App. 1979); *Burks v. State,* 583 S.W.2d 389 (Tex. Cr.App.1980); *McKittrick v. State,* 541 S.W.2d 177 (Tex.Cr.App.1976).

■ Initially, we note that appellant was no stranger to the criminal process, having been previously convicted of a felony offense. We also note the following testimony by Deputy Drewell concerning appellant's comprehension after having been read his *Miranda* warnings on August 15, 1981.

Q. And did you ask Mr. Gonzales if he understood those rights?

A. Yes, I did.

Q. And what did he respond, if anything?

* Hereinafter called the Act.

A. I believe they were asked by Sheriff Keesee.

Q. All right.

A. He did respond that he did understand those rights.

Regarding the August 18, 1981 warnings, Deputy Drewell testified:

Q. ... And did Mr. Gonzales acknowledge his understanding of those rights to you?

A. Yes, he did.

\*    \*    \*    \*    \*    \*

Q. And how did Mr. Gonzales acknowledge his understanding on his awareness of those rights?

A. He was asked to read each statement, each warning, which there's five located on the top, and after reading each one to acknowledge them by putting his initial by each number of the statement.

Q. And what initial did he place?

A. He placed "KPG".

The trial court resolved the issue of fact here raised against the appellant and the trial court's finding is supported by the evidence produced at the hearing and the totality of the circumstances. Ground of error two is overruled.

In argument under ground three appellant points to deputy Drewell's testimony that, on August 15, 1981, after returning to the office with the stolen items, appellant was asked if he wanted to sign a statement. His response was "he needed to think about it, I believe," and appellant was returned to the jail division. Drewell then testified:

A. I believe the next time I think I had any contact was the 18th. Is that Tuesday?

Q. Okay. Did you ask to have him brought down so you could talk to him, or did he request to come down and talk to you?

A. I asked for him to be brought to our office.

Q. And that was in light of the fact that he had already indicated to you that he did not want to sign a statement?

A. At that time on the 15th, yes, sir.

\*    \*    \*    \*    \*    \*

Q. Was your sole purpose in bringing him down to speak with him in an attempt to get him to sign a statement?

A. No, sir, I wanted to interview him, see if he would give me any more information and if he was willing to make a statement at that time.

Q. You wanted to interrogate him, is that correct?

A. Yes, sir.

Appellant then advances the proposition that when a defendant is being interrogated and requests that he be allowed some time to straighten matters out in his mind, should the defendant's request not be honored by police, any statement made by the defendant would not be admissible. In support of this proposition he cites *Faulder v. State*, 611 S.W.2d 630 (Tex.Cr.App.1979), cert. denied, 449 U.S. 874, 101 S.Ct. 215, 66 L.Ed.2d 95 (1980). Reasoning from this premise, he theorizes that when appellant indicated that he wished to remain silent, this required the State to stop interrogation and when, "after a short period of time," the Sheriff's Department resumed questioning, the State violated appellant's constitutional rights. We do not agree.

In *Hearne v. State*, 534 S.W.2d 703 (Tex.Cr.App.1976) our Court of Criminal Appeals first adopted the "scrupulously honored" test to determine whether a statement obtained after a person had decided to remain silent is admissible. The test, first articulated by the United States Supreme Court in *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), simply is whether a custodial interrogator scrupulously honored a person's "right to cut off questioning." Id., 423 U.S. at 104, 96 S.Ct. at 326.

In order to scrupulously honor such a request, the Court said, the custodial interrogator must follow the guidelines set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The interrogation must cease if the individual indicates "in any manner, at any time prior to or during questioning, that he wishes to remain silent." Id., 384 U.S. at 473–4, 86

S.Ct. at 1627–1628. See also *Kelly v. State,* 621 S.W.2d 176, 181 (Tex.Cr.App.1981); *Faulder v. State,* 611 S.W.2d 630, 634 (Tex. Cr.App.1979) cert. denied, 449 U.S. 874, 101 S.Ct. 215, 66 L.Ed.2d 95 (1980); *Ochoa v. State,* 573 S.W.2d 796, 800 (Tex.Cr.App. 1978); *Williams v. State,* 566 S.W.2d 919, 922 (Tex.Cr.App.1978); *Hearne v. State,* supra.

However, we also note that the court in *Mosley,* 423 U.S. at 102, 96 S.Ct. at 326, also stated that nothing in the *Miranda* opinion "can sensibly be read to create a per se proscription of indefinite duration upon any further questioning by any police officer on any subject once the person in custody has indicated a desire to remain silent." Indeed, our Court of Criminal Appeals has specifically stated that "it is possible for an accused, who previously asserted his right to remain silent, to answer the questions of police or provide them with a confession." *McKittrick,* 541 S.W.2d at 183.

■ The question thus presented for our decision, we think, is whether considering the totality of the circumstances, the trial court erred in finding a knowing and intelligent waiver of appellant's right to remain silent.

This is not a case where the interrogators failed to honor the decision of appellant on August 15, 1981 to remain silent either by refusing to discontinue the interrogation or by persisting in repeated efforts to wear down his resistance and make him change his mind. Indeed, the questioning ceased and was not resumed until August 18, 1981 which, we think, represents the passage of a significant period of time. We also note that a second set of *Miranda* warnings was given. Nothing in the record indicates any force or coercion, express or implied and nothing appears which would indicate any untoward persuasion.

Again the trial court resolved the issue of fact here raised against the appellant and such court's finding is supported by the evidence produced at the hearing and, we believe, by totality of the circumstances.

We think the cases of *Hearne v. State, supra, Ochoa v. State, supra,* and *Faulder v. State, supra,* on which appellant relies, may be distinguished. In *Hearne,* the interrogating officer had to talk to that appellant "thirty minutes or so" before Hearne was ready to talk to him, and the officer persuaded him "bit by bit" to talk to him. In *Ochoa,* interrogation continued for some three hours after Ochoa told the interrogating officer that he thought he should talk to a lawyer. In *Faulder,* the interrogation continued for some three hours after Faulder requested a "couple of days" to put things straight in his mind. In all of these cases, the evidence establishing the erroneous conduct of the officers was clearly established. That is not the case here and we do not find conduct of the kind proscribed by *Miranda* and its progeny. Ground of error three is overruled.

Since we have found no reversible error the judgment of conviction is affirmed.