**Angela STINNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–85–0059–CR.**

Court of Appeals of Texas, Amarillo.

Nov. 4, 1986.

Mallory G. Holloway, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Jon R. Waggoner, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted by a jury of injury to a child, Tex.Penal Code Ann. § 22.04(a)(1) (Vernon Supp.1986), and sentenced to life imprisonment. She advances two grounds of error here, contending 1) her oral confession was inadmissible, and 2) without the confession, the evidence is insufficient to support a guilty verdict. We affirm.

On September 4, 1984, Amarillo Police Officer Tracy responded to a call that a child had stopped breathing at appellant's residence. After medical personnel took charge of the child, who subsequently died from massive brain damage, appellant agreed to accompany Tracy to the police station for questioning. Tracy testified that appellant was not under arrest nor was she a suspect at the time, although he handed her a "rights form", containing the *Miranda* warnings,[1] to read on the way to the station. Appellant said she understood her rights and signed the form.

At the station, appellant was questioned by Officer Stiles, who signed the rights form after appellant again said she understood her rights. According to Officer Tracy, appellant first claimed that the injury occurred when she was playing with the child and failed to catch her after tossing her in the air. The next day, appellant returned to the station at the request of Stiles, who again showed her the rights form, told her the rights were still in ef-

fect, and received her assurance that she understood them. The court found that appellant then spontaneously declared that she had committed the offense in question. At that point, the officer began to record her statement, but the warnings given to appellant when she first entered the police station on that day were not repeated on the tape until midway through the recording. Later in the recording appellant indicated her desire to remain silent several times but the questioning continued.

By her first ground of error, appellant contends the recording is inadmissible because, under article 38.22 of the Texas Code of Criminal Procedure, the warnings must be given on tape and prior to the confession. Tex.Code Crim.Proc.Ann. art. 38.22, § 3(a) (Vernon Supp.1986). Appellant divides her first ground into two issues: 1) were the warnings given to appellant sufficient and 2) did appellant effectively waive her rights? We will resolve the issues in that order.

■ Oral confessions are not looked on with favor in Texas law, as indicated by the strict requirements of article 38.22, which permits oral confessions to be used against the accused in a criminal proceeding only if the following criteria are met:

(1) an electronic recording is made of the statement;

(2) the accused is given the *Miranda* warnings "prior to the statement but during the recording" and the accused waives those rights "knowingly, intelligently, and voluntarily";

(3) the recording device is accurate, the operator competent, the recording itself is accurate and has not been altered, and the accused is advised beforehand that the interrogation will be recorded;

(4) all voices on the recording are identified. Tex.Code Crim.Proc.Ann. art. 38.22, § 3(a) (Vernon Supp.1986).

The second requirement, says appellant, was not satisfied here.

It is undisputed that Officer Stiles gave the accused her *Miranda* warnings well

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

into the recording, after appellant admitted to intentionally throwing the child up and failing to catch her, pushing her against the television set, and beating her with a belt. Appellant says the recording is not admissible because the warnings had not been given on the tape at the start of the recording. The trial court admitted the entire recording into evidence, however, because "even though the State failed to comply with the oral confession statute, the Court still finds that there is substantial compliance with the oral confession statute, and that subsequent warnings during the tape reaffirms that substantial compliance...."

No appellate court in Texas has yet ruled on a case under these specific facts. The State relies on *Hardesty v. State,* 667 S.W.2d 130 (Tex.Crim.App.1984), to support the finding of substantial compliance, but *Hardesty* involved a variation in the language of the warnings required by article 38.22. Here the issue is one of time, not form: was the accused aware of her rights before she gave her statement?

Appellant relies on *Lundstrom v. State,* 678 S.W.2d 130 (Tex.App.—Eastland 1984), *rev'd,* (not yet reported), as the sole authority for her argument, but the Court of Criminal Appeals recently reversed that decision. We also note that the recorded confession in *Lundstrom* was suppressed by the trial court and the intermediate appellate court opined that the suppression was proper because no warnings were ever recorded. *Id.* at 134.

The only Texas case to directly rule on the scope of the warning requirement in article 38.22, section 3(a)(2) has interpreted the language with flexibility. In *Franks v. State,* 712 S.W.2d 858 (Tex.App.—Houston [1st Dist.] 1986, pet. pending), the defendant gave a recorded statement while in custody for murder. The Court of Appeals upheld the admissibility of the recording even though the mandatory warnings were not included in the recording. The court reasoned that the recorded interrogation was a continuation of an interrogation process that had commenced earlier in the day.

At the earlier interview the defendant was properly admonished and had so acknowledged at the beginning of the disputed recording; thus, the court held that new warnings were not required. *Id.* at 861.

In our case we have the testimony of two officers that appellant had read and understood her rights on three occasions within the 24–hour period from the time she was first questioned about the incident to the time of the recording. The last warning came immediately prior to the recording, at the beginning of one continuous interrogation on September 5, 1984. The rights form appellant had signed was in evidence and appellant's acknowledgment during the recording that she understood her rights, though delayed until after she had made damaging admissions, is positive and unequivocal:

Q. O.K. Angela, before we talked today, we did advise you of your constitutional rights, didn't we ...?

A. Yeah. You want me to read them again? You want me to read them?

Q. Now, you do understand your constitutional rights?

A. Uh huh.

Q. And before you gave me this, started recording this, you were aware of those constitutional rights?

A. I sure were. I sure were.

■ The purpose behind the warning requirement of article 38.22 is to insure that the accused is advised of her constitutional rights before making an oral confession. If the circumstances surrounding the recording of the confession show that the purpose has been fulfilled, the recording should not be rendered inadmissible because article 38.22, section 3(a)(2) has not been strictly followed. The substantial compliance standard the trial court used to admit the entire recording properly focused on the time when the warnings were given to appellant, and not the time when the warnings were recorded. Accordingly, we hold that failure to give the statutory warnings on the tape before obtaining incriminatory information does not render

the confession inadmissible if the State substantially complies with the statute.

■■■ Appellant also argues that she did not knowingly, intelligently and voluntarily waive her rights under the totality of circumstances surrounding the case. The trial court, appellant claims, failed to take into account 1) the absence of an express waiver, 2) her mental condition, and 3) her termination of the interview. After a pretrial hearing on the motion to suppress the oral confession, the court concluded from the totality of the circumstances that appellant did waive her *Miranda* rights. When resolving that issue, the courts must look to all the facts and circumstances surrounding the taking of the confession, *Davis v. State*, 501 S.W.2d 629, 632 (Tex. Crim.App.1973), always mindful, however, that the trial court is the sole trier of fact at such a hearing, and this Court is not at liberty to disturb a finding of voluntariness and admissibility that is supported by the record. *Self v. State*, 709 S.W.2d 662, 664–65 (Tex.Crim.App.1986); *McKittrick v. State*, 541 S.W.2d 177, 184 (Tex.Crim.App. 1976).

In reviewing appellant's first argument, we note that she concedes that the waiver need not be express. Testimony in the record reveals that two officers warned appellant of her rights and she indicated on more than one occasion that she understood them. Additionally, appellant acknowledged her understanding of her rights by signing the rights form. This Court has held the above evidence supports a finding that the defendant affirmatively and intelligently waived her *Miranda* rights, given the totality of circumstances. *Gonzales v. State*, 648 S.W.2d 724, 726 (Tex.App.—Amarillo 1983, no pet.). The Court of Criminal Appeals reached the same result under similar facts in *Davis v. State*, 501 S.W.2d at 631–32.

■■■ Appellant's second argument, that she lacked the mental competency or intelligence to waive her rights, is a question for the court. *Grayson v. State*, 438 S.W.2d 553, 555 (Tex.Crim.App.1969). The psychiatric examination report reveals "a history of a long standing behavior disorder involving a great deal of institutional and psychiatric care," but no evidence of a mental disease or defect. In *Grayson*, psychiatric testimony revealed a much more severe mental deficiency and psychiatric disorder in the defendant, yet the court held it not conclusive to overturn a finding of an intelligent waiver. *Id.* at 555–56. Likewise, the evidence of appellant's mental condition at the time of her confession is not conclusive, given the totality of the circumstances.

■■■ Finally, appellant's exercise of her right to remain silent by terminating the interview does not bear upon the voluntariness of her previous statements. In *United States v. Mattoni*, 698 F.2d 691 (5th Cir.1983), the defendant was properly informed of his *Miranda* rights before making an incriminating statement. Later, however, he refused to cooperate. The Fifth Circuit held: "His exercise of his fifth amendment rights at that later time did not render involuntary any answers tendered before the privilege was invoked." *Id.* at 695. The trial court's finding that appellant waived her rights is supported by sufficient evidence in the record. Ground of error one is overruled.

By her second ground, appellant says the evidence is insufficient to support the conviction when the confession is excluded from evidence under her first ground. Although we have concluded that the reasons urged by appellant in her first ground do not render the confession inadmissible, we must resolve appellant's second ground because we have concluded that a portion of the confession is inadmissible for a different reason.

Midway into the recording the following dialogue occurred:

A. (appellant): .... I'm through talking man. Put me in jail.

Q. I can't put you in jail until I find out the truth. The whole truth.

A. I'm telling you the truth. I am.

Q. Then that's what you're giving me right now.

A. Uh huh, is the truth. I don't want to talk anymore.

Q. You're sure you don't want to talk anymore?

A. I want to go to jail.

The *Miranda* decision laid down the following rule:

> Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease.

*Miranda v. Arizona*, 384 U.S. 436, 473–74, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (1966). The Texas Court of Criminal Appeals cited this rule to reverse convictions based on confessions obtained when interrogators ignored the request of defendants to remain silent. *Faulder v. State*, 611 S.W.2d 630 (Tex.Crim.App.1979), *cert. denied*, 449 U.S. 874, 101 S.Ct. 215, 66 L.Ed.2d 95 (1980); *Hearne v. State*, 534 S.W.2d 703 (Tex.Crim. App.1976). Both cases held that a suspect's right to cut off questioning must be "scrupulously honored" (quoting *Miranda*), meaning the interrogation must cease. *Faulder v. State*, 611 S.W.2d at 640; *Hearne v. State*, 534 S.W.2d at 706–07. *See also Gonzales v. State*, 648 S.W.2d at 726. The *Hearne* court refused to follow the State's argument that the suspect changed his mind during the interrogation, rendering the confession voluntary. *Hearne v. State*, 534 S.W.2d at 707.

Appellant expressed a clear desire to cut off questioning. The interrogator's failure to immediately cease questioning at that time renders the remainder of the recording inadmissible. Thus, we must determine whether the error requires reversal. The test for harmless constitutional error is "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Jordan v. State*, 576 S.W.2d 825, 829 (Tex.

Crim.App.1978). *See also Esquivel v. State*, 595 S.W.2d 516, 529 (Tex.Crim.App.), *cert. denied*, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). To apply this test, the appellate court must review the evidence to determine the effect of the inadmissible evidence, and decide whether, absent this prejudicial effect, the evidence remains "so overwhelming as to establish the guilt of the accused beyond a reasonable doubt." *Gonzales v. State*, 626 S.W.2d 888, 893 (Tex.App.—San Antonio 1981, pet. ref'd). As the Court of Criminal Appeals recently said, "A judgment will not be reversed for admission of evidence that did not injure the accused." *Self v. State*, 709 S.W.2d at 668–69.

Here, we cannot conclude that the inadmissible portion of appellant's confession contributed in any way to her conviction. It contained no new incriminating statements and excising the inadmissible portion does not render the State's case any less persuasive.

Finally, we conclude that under the proper review standards [2] the admissible evidence is ample to support the conviction. Appellant admitted she intentionally caused the child's injuries by throwing her and not catching her, and that she was not playing. She also admitted to pushing the child against the television, whipping her back with a belt, trying to drown her, and bruising her chest. Under that evidence, the jury was entitled to find her guilty of injury to a child. Ground of error two is overruled.

The judgment is affirmed.

---

2. In determining whether the evidence is sufficient to support a conviction for the offense charged, the applicable standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). *See also Houston v. State*, 663 S.W.2d 455, 456 (Tex. Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983).