TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00568-CR







Phillip Gary Farmer, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF PARKER COUNTY, 43RD JUDICIAL DISTRICT

NO. 14166, HONORABLE DON MARSHALL CHRESTMAN, JUDGE PRESIDING






 Appellant Phillip Gary Farmer was convicted by a jury of the manufacture and
possession of more than 400 grams of methamphetamine. See Tex. Health & Safety Code Ann.
§§ 481.112(f), .115(f) (West Supp. 2002). After considering evidence of eight previous felony
convictions, his punishment on each count was assessed at confinement for life in the institutional
division of the Texas Department of Criminal Justice, to be served consecutively, and a $244,000
fine. On appeal, he complains that the trial court erred in denying his motion for mistrial and
admitting into evidence an unsigned handwritten statement that he gave to police while under arrest
for an extraneous offense. We will affirm the trial court's judgment.

BACKGROUND


 After receiving tips regarding a methamphetamine lab, investigators with the Cross
Timbers Narcotics Task Force obtained a warrant to search the premises that was the subject of those
tips. The search revealed the operation of a methamphetamine lab and almost 1,900 grams of
methamphetamine. As a result, Farmer was prosecuted for and convicted of manufacture and
possession of over 400 grams of methamphetamine.

 During the guilt/innocence phase of the trial, a juror approached a witness, James
Peel, an investigator with the narcotics task force, outside the courtroom, asked him a question, and
engaged him in a brief conversation. When this was brought to the court's attention, Farmer
requested a mistrial. The court questioned both the juror and Peel and determined that the
conversation did not involve the facts of the case on trial and that the juror had not been affected by
the exchange.

 During the punishment phase of the trial, the State presented evidence that Farmer
had been again arrested about one week before the trial on unrelated charges of manufacturing
methamphetamine. After his arrest, he gave police a handwritten statement admitting his intent to
manufacture methamphetamine; however, he later refused to sign his handwritten statement stating
that he now wished to consult with an attorney. The unsigned statement was introduced as evidence
of an extraneous offense at the punishment phase. In addition, the State presented evidence of
Farmer's eight previous felony convictions. Farmer now appeals to this Court contending that the
trial court erred in denying his motion for mistrial and admitting the statement into evidence on the
issue of punishment.

DISCUSSION


 In his first point of error, Farmer contends that the trial court erred in denying his
motion for mistrial based on the misconduct of one of the jurors. During the trial, Peel had testified
regarding a smell that emitted from the premises in question, which was a basis for suspecting the
presence of a methamphetamine lab. During one of the breaks, a juror approached Peel and asked,
"How far can you smell that smell when they're cooking that stuff?"--referring to a
methamphetamine lab. Peel, not realizing that the man was a juror, responded that "it depends" and
suggested the substance could be detected at a distance the juror estimated to be about fifty feet. The
juror then related that he was asking the question because he thought "drug people" were living next
door to him and that he had discussed this with a county commissioner in his area. By this time, Peel
realized the man was a juror and the conversation ended.

 When this incident was reported to the court, Farmer moved for a mistrial, alleging
that the witness was attempting to display personal knowledge of the circumstances or facts of the
case and that the entire court process was compromised by the juror's display of lack of respect for
the rules and instructions of the court. The court then questioned both Peel and the juror out of the
presence of the other jurors. The juror stated several times that the conversation he had with Peel
in no way related to the facts of the case on trial and that neither the conversation nor the court's
questioning regarding the incident had biased him. The court admonished the juror again not to
discuss anything with the witnesses in the trial, instructed him not to discuss with the other jurors
the reason he was brought into the courtroom, and then denied the motion for mistrial.

 The determination of whether a given error necessitates a mistrial must be made by
examining the particular facts of a case. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999),
cert. denied, 529 U.S. 1070 (2000). A trial court's denial of a motion for mistrial is reviewed under
an abuse of discretion standard. Id. When a juror converses with an unauthorized person about the
case at issue, injury to the accused is presumed, and a new trial may be required. Quinn v. State, 958
S.W.2d 395, 401 (Tex. Crim. App. 1997). This presumption, however, is rebuttable. A new trial
is not required unless the accused has been injured; if the evidence shows that the case was not
discussed or that nothing prejudicial to the accused was said, a new trial is not required. Alba v.
State, 905 S.W.2d 581, 586-87 (Tex. Crim. App. 1995); Thomas v. State, 699 S.W.2d 845, 853-54
(Tex. Crim. App. 1985); Drone v. State, 906 S.W.2d 608, 617 (Tex. App.--Austin 1995, pet. ref'd). 
In determining whether this presumption of harm has been rebutted, the reviewing court should defer
to the trial court's resolution of the facts and its determination regarding the credibility and demeanor
of the witnesses. Quinn, 958 S.W.2d at 401.

 In the present case, the distance from which Peel could detect the smell from the
particular methamphetamine lab in evidence was not at issue; therefore, the conversation did not
involve the case on trial. Rather, the discussion related to the smell of methamphetamine in general. 
Both Peel and the juror testified in this regard, and the trial court was in the best position to ascertain
the believability of their testimony. Furthermore, nothing prejudicial to Farmer was said during the
conversation. As a result, the presumption of harm was rebutted, and the trial court did not abuse
its discretion in denying Farmer's motion for mistrial. Farmer's first point of error is overruled.

 In his second point of error, Farmer contends that the trial court erred in admitting
into evidence a handwritten statement made by him while under arrest for an extraneous offense; he
claims that no valid waiver of his rights was obtained. When reviewing a trial court's decision to
admit evidence, we use the abuse of discretion standard. State v. Oliver, 29 S.W.3d 190, 191 (Tex.
App.--San Antonio 2000, pet. ref'd). A reviewing court shows almost total deference to a trial
court's determination of the historical facts that are supported by the record, especially when the trial
court's fact findings are based on an evaluation of credibility and demeanor. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). However, a mixed question of law and fact that does not
involve the evaluation of credibility and demeanor is reviewed de novo. Id. Peel testified regarding
the facts surrounding the taking of Farmer's statement, and Farmer did not contest those facts; rather,
Farmer contends that those facts demonstrate that he never waived his right to counsel. As a result,
this matter is a question of law that we review de novo.

 Initially, we note that Farmer's signature was not required on his statement in order
to make his statement admissible. Tex. Code Crim. Proc. Ann. art. 38.22, §§ 1, 2 (West 1979).
Article 38.22 provides that a written statement of the accused may be used if it is: (1) signed by the
accused; (2) made by the accused in the accused's own handwriting; or (3) if the accused is unable
to write, bears the mark of the accused and is witnessed by a person other than the peace officer. Id.
Furthermore, if the written statement is made as the result of a custodial interrogation, an accused
must be advised of and knowingly, intelligently, and voluntarily waive his Miranda rights in order
for the statement to be admissible. Id. § 2; Mays v. State, 904 S.W.2d 920, 924 (Tex. App.--Fort
Worth 1995, no pet.). The court looks to the totality of the circumstances in determining whether
a waiver is knowing and voluntary. Mays, 904 S.W.2d at 924. A waiver of Miranda rights may be
inferred from the actions and words of the person interrogated; an explicit waiver is not required. 
Port v. State, 798 S.W.2d 839, 842 (Tex. App.--Austin 1990, pet. ref'd). The waiver requirements
are satisfied if the accused is advised of his rights and acknowledges understanding those rights. 
Villareal v. State, 61 S.W.3d 673, 678 (Tex. App.--Corpus Christi 2001, pet. ref'd).

 In the present case, the record shows that Peel advised Farmer of his Miranda rights
at the time he was arrested and again before Farmer began writing his statement by hand. Farmer
stated that he understood those rights. After signing the first page of the statement, Farmer crossed
out his signature and invoked his right to counsel. At no time prior to that action did Farmer indicate
that he wanted to invoke his right to counsel. Nor did he object to writing out his statement in his
own hand. These facts are sufficient to establish that he knowingly and voluntarily waived his right
to counsel at the time that he wrote out his statement. The fact that an accused later invokes a
Miranda right does not affect the voluntariness of a previous waiver made before the right was
invoked. Stinnett v. State, 720 S.W.2d 663, 667 (Tex. App.--Amarillo 1986, no pet.) (Appellant's
terminating interview does not bear on voluntariness of previous statements.); Allen v. State, 666
S.W.2d 245, 247 (Tex. App.--Dallas 1984), aff'd, 700 S.W.2d 924 (Tex. Crim. App.1985). Farmer
contends that invoking his right to counsel demonstrated that he never intended to waive his right. 
We find the reverse to be true on these facts. Farmer acknowledged two separate times that he
understood his rights; he wrote out in his own hand a statement over a five-hour period; he then
invoked his right to counsel. No statement made by him after he invoked this right could be
admitted. However, any statement made before invoking this right is admissible, based on his
previous waiver.

 Even if we did not reach this conclusion and decided the statement was inadmissible,
its admission would be harmless error. Virtually all of the information contained in the challenged
statement was admitted elsewhere during the trial without objection. In fact, Farmer introduced a
good portion of the information contained in the statement when he testified. When the evidence
that is the subject of a complaint is admitted elsewhere either by the defendant or by the State
without objection, the admission of the complained of evidence is harmless error. Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998). 

 A reviewing court considers a number of factors in order to assess the impact of error
in the punishment phase of the trial, including jury argument, the evidence in the case, previous
convictions, and the punishment assessed. Coats v. State, 788 S.W.2d 674, 676 (Tex. App.--Corpus
Christi 1990, pet. ref'd). We must examine the record for "indicia of factors reasonably conducing
to affect the minds of average rational jurors in their determination of punishment." Id. Although
the jury sentenced Farmer to two consecutive life sentences, the evidence presented, even excluding
the statement, would justify the sentence. The jury had convicted him of two aggravated controlled
substance felonies involving a large amount of methamphetamine. In addition, it heard that he was
again arrested three weeks after leaving jail--and one week before his trial--with another
methamphetamine lab in his vehicle. Furthermore, he admitted assisting others in the manufacture
of methamhetamine in a residential neighborhood. When this evidence is considered in addition to
the evidence of his eight previous felony convictions, we conclude that the admission of his
statement, if error, was harmless. Tex. R. App. P. 44.2(a). Accordingly, we overrule Farmer's
second point of error.

CONCLUSION


 Having overruled both of Farmer's points of error, we affirm the trial court's
judgment.



__________________________________________

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: November 21, 2002

Do Not Publish