**Larry Lee WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53041.**

Court of Criminal Appeals of Texas.

March 16, 1977.

Howard G. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary M. Love, Brady Sparks and John W. Booth, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated rape. The jury assessed punishment at thirty-five years.

The prosecutrix testified that appellant raped her after threatening her with a gun on May 6, 1975. Appellant testified in his own behalf that the prosecutrix consented to the sexual intercourse.

Appellant contends in four grounds of error that the trial court improperly limited appellant's introduction of evidence concerning the prosecutrix's prior sexual behavior. The trial court, after conducting a hearing out of the presence of the jury pursuant to V.T.C.A., Penal Code, Sec. 21.-13,[1] refused to allow appellant to cross-ex-

---

1. The record reflects that appellant's trial was conducted after the effective date of Sec. 21.13, supra. Sec. 21.13, supra, provides as follows:

"(a) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct may be admitted under Sections 21.02 through 21.05 of this code (rape, aggravated rape, sexual abuse, and aggravated sexual abuse) only if, and only to the extent that, the judge finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

"(b) If the defendant proposes to ask any question concerning specific instances, opinion evidence, or reputation evidence of the victim's sexual conduct, either by direct examination or cross-examination of any witness, the defendant must inform the court out of the hearing of the jury prior to asking any such question. After this notice, the court shall conduct an in camera hearing, recorded by the court reporter, to determine whether the proposed evidence is admissible under Subsection (a) of this section. The court shall determine what evidence is admissible and shall accordingly limit the questioning. The defendant shall not go outside

amine the prosecutrix regarding an abortion she had two or three years prior to the rape. The court also excluded cross-examination of the prosecutrix in regard to her being treated for venereal disease and that she had engaged in sexual intercourse on two or three prior occasions.[2] The record further reflects that the court refused to allow appellant to introduce to the jury a medical report prepared by the examining physician containing references to the same information and that the prosecutrix was taking oral contraceptives on the date of the offense.

The matters which appellant attempted to introduce were not germane to the issue of the victim's acquiescence, or any other fact at issue in the case as required by Sec. 21.13, supra. See *Young v. State*, 547 S.W.2d 23 (Tex.Cr.App.1977), and cases there cited. We hold that the trial court did not err in excluding the evidence.

Appellant's grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.

---

these limits nor refer to any evidence ruled inadmissible in camera without prior approval of the court without the presence of the jury.

"(c) The court shall seal the record of the in camera hearing required in Subsection (b) of this section for delivery to the appellate court in the event of an appeal. . . ."

2. Pursuant to the requirements of Sec. 21.13, supra, the evidence proffered by appellant at the in camera hearing was sealed by the court and is in the record before us.