**Virgil Dean ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00929–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 13, 1984.

Danny D. Burns, Fort Worth, Robert E. Gilbert, McKinney, for appellant.

Henry Wade, Dist. Atty., Randell Blake, Asst. Dist. Atty., for appellee.

Before STOREY, VANCE and SHUMPERT, JJ.

STOREY, Justice.

This is an appeal from a conviction of aggravated rape. In five grounds of error, appellant contends that: the court should have admitted evidence of the complainant's prior sexual activity; appellant's confession was inadmissible; and the court erred in making an affirmative finding of the use of a deadly weapon. We agree with appellant's contention regarding the finding of the use of a deadly weapon, but disagree with all other grounds of error. The judgment is affirmed but reformed to eliminate the finding of use of a deadly weapon.

The complainant in this case was a seventeen-year-old high school student. She testified that after she got off work at Collin Creek Mall, she was met by appellant in the mall parking lot. She testified that appellant pulled a gun and forced her to enter his truck. He drove her to a remote location and forced her to remove her clothes. He then raped her and threatened to kill her if she told anyone of the rape. He then returned her to the mall parking lot where her father was waiting for her.

The appellant claimed consent as a defense and offered a different version of the events. He claims that he offered her a drink in the parking lot and she accepted. He testified that she voluntarily entered his truck. When she entered the truck, he showed her a pistol which had been left from an earlier hunting trip, and then placed the pistol under the seat. He testified that she voluntarily went with him to a private location and they attempted sexual intercourse, but that he could not achieve an erection. He returned her to the mall. He claims that when they returned to the mall and she saw her father waiting for her, she became worried that she would be punished for being out late with an older man. He denied ever forcing her to accompany him or forcing her to have intercourse.

During trial, the prosecutor asked the complainant the following questions:

Q. What else did he [appellant] say?

A. He asked me if I was a virgin.

Q. Did you answer his question?

A. Yes, I did.

Q. What did you tell him?

A. I told him no.

Q. Why did you tell him that?

A. Because I thought if I told him, Yes, I was, that he would certainly want more.

Appellant complains that this testimony left a false impression with the jury that complainant was in fact a virgin. He claims that a virgin is not likely to consent to sexual intercourse with an older man she had just met, and that he should have been allowed to introduce evidence of complainant's prior sexual activity to correct the false impression left with the jury.

During an in camera hearing pursuant to TEX. PENAL CODE ANN. § 21.13 (Vernon Supp.1982–1983), the complainant testified that she was not a virgin, that she had an older boyfriend in college with whom she was having sexual relations, and that her father, a strict disciplinarian, did not know of her relationship with her boyfriend. Appellant contends that, after complainant left the jury with the impression that she was a virgin, appellant's defensive theory of consent was damaged and, thus, it was error not to allow appellant to introduce the evidence elicited during the in camera hearing. We disagree.

Section 21.13 provides in pertinent part:

(a) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and

reputation evidence of the victim's sexual conduct may be admitted under Sections 21.02 through 21.05 of this code (rape, aggravated rape, sexual abuse, and aggravated sexual abuse) only if, and only to the extent that, the judge finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

(b) If the defendant proposes to ask any question concerning specific instances, opinion evidence, or reputation evidence of the victim's sexual conduct, either by direct examination or cross-examination of any witness, the defendant must inform the court out of the hearing of the jury prior to asking any such question. After this notice, the court shall conduct an in camera hearing, recorded by the court reporter, to determine whether the proposed evidence is admissible under Subsection (a) of this section. The court shall determine what evidence is admissible and shall accordingly limit the questioning. The defendant shall not go outside these limits nor refer to any evidence ruled inadmissible in camera without prior approval of the court without the presence of the jury.

In this case, the court conducted an in camera hearing, heard the testimony, and determined that the evidence was inadmissible under subsection (a) of § 21.13. Evidence of prior sexual activity is not evidence of complainant's consent to this relationship with appellant. *Young v. State,* 547 S.W.2d 23, 25 (Tex.Cr.App.1977); *Wilson v. State,* 548 S.W.2d 51, 52 (Tex.Cr. App.1977). In *Young* and *Wilson,* both decided under § 21.13, consent was also an issue, but the courts excluded evidence of the complainants' previous sexual conduct. The courts held that the evidence was "not germane to the issue of the victim's acquiescence, or any other fact at issue in the case as required by Sec. 21.13." *Wilson,* 548 S.W.2d at 52.

■ Appellant relies on *Campbell v. State,* 179 S.W.2d 547 (Tex.Cr.App.1944) and *Mitchell v. State,* 544 S.W.2d 927 (Tex.

Cr.App.1977) for the proposition that prior sexual activity is admissible if consent is an issue in the case. Those two cases are distinguishable from our case. *Campbell* was decided before the enactment of § 21.-13. In *Mitchell,* the State did not object to the admissibility of the evidence, just the method of its admission. In both cases, the accused sought to admit evidence which would have shown the complainant to be a common prostitute who consented to intercourse and then claimed rape after a dispute as to money. In our case, complainant was a high school student forced to accompany appellant at gun-point. She was not a common prostitute, nor was she claimed to be one. Our case is much more on point with *Young* and *Wilson.* We hold that the trial court did not abuse its discretion in excluding the evidence under § 21.-13.

■ Appellant also contends that the evidence should have been admitted for the purpose of impeaching complainant's credibility. Subsection (a) of § 21.13 allows admission of evidence of complainant's prior sexual activity "only if, and only to the extent that, the judge finds that the evidence is material to a fact at issue in the case." Subsection (d) of § 21.13 states that "[t]his section does not limit the right of the state or the accused to impeach credibility by showing prior felony convictions...." Thus, the statute does not contemplate the admission of evidence of prior sexual conduct for impeachment purposes unless the evidence is in the form of a prior felony conviction.

■ Appellant next contends that it was error to admit his written confession because there was a question as to whether he had requested an attorney before the confession was given. A pre-trial suppression hearing was held in which the court heard evidence on this point and ruled the confession was admissible. Indeed, the testimony indicates that appellant first requested a lawyer *after* he made his confession. Under these facts, the confession is admissible. *See United States v. Rice,* 652 F.2d 521, 527 (5th Cir.1981).

**248**

Finally, appellant contends that the court erred in making an affirmative finding of use of a deadly weapon when the jury had not made such a finding. *Thomas v. State*, 638 S.W.2d 905, 907 (Tex.Cr.App. 1982). The State concedes error on this ground. Therefore, we reform the judgment to omit the affirmative finding of the court that the defendant used a deadly weapon in the commission of the offense. *Carrillo v. State*, 634 S.W.2d 21, 25 (Tex. App.—El Paso 1982, no pet.).

In all other respects, the judgment is affirmed.