Barron **COATS,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–89–164–CR.

Court of Appeals of Texas, Corpus Christi.

April 12, 1990.

Rehearing Overruled May 10, 1990.

Richard W. Rogers, III, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., James Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

A jury found appellant guilty of burglarizing a building and then, after finding that appellant had been previously convicted of two felonies, assessed punishment at 50 years in the Texas Department of Corrections. We reverse and remand the cause to the trial court for error which occurred in the punishment phase of trial.

In his sole point of error, appellant contends that the State failed to prove that the earliest of the two alleged prior felonies was a final conviction. The first previous conviction alleged was for aggravated robbery, on February 13, 1981, in cause number 80–CR–1003–D, in the 105th District Court of Nueces County. The second prior felony was committed on December 14, 1983. Having alleged the 1981 conviction for enhancement, it became incumbent upon the State to prove that the first prior conviction became final before the commission of the second prior conviction. *Jones v. State,* 711 S.W.2d 634, 635 (Tex.Crim.App.1986). After the State establishes that a defendant has been previously convicted, the appellate court will presume that the conviction is final when faced with a silent record regarding such. *Johnson v. State,* 784 S.W.2d 413 (Tex. Crim.App.1990). If however, the State itself defeats the presumption of finality by showing that notice of appeal had been given, the State must produce evidence of finality. Until the mandate of an appellate court issues, a conviction is not final. *Johnson,* at 413, 414; *Jones v. State,* 711 S.W.2d at 636; *Anthony v. State,* 732 S.W.2d 687, 692 (Tex.App.–Corpus Christi 1987, no pet.).

Appellant pleaded not true to the enhancement allegations. The State introduced two penitentiary packets to meet its burden of proof, exhibits 26 and 27. The judgment of the 1981 aggravated robbery contained a recital that "Defendant gave notice of appeal to the Court of Criminal Appeals in open court." In February 1981, oral notice of appeal in open court was sufficient to start an appeal. Acts 1965, 59th Leg. p. 317, ch. 722, § 1. No direct evidence was introduced to show the finality of the conviction.

The State contends that it circumstantially proved finality of the conviction and, if not, that the error was harmless.

The State in its brief contends that it made a circumstantial showing of finality, through the remainder of the documents contained in the pen packets. The State argues:

> In State's Exhibit 26, the T.D.C. fingerprint card for Appellant—T.D.C. 333278 —shows he was "received" on March 25, 1982, from Nueces County for a five year sentence for aggravated robbery to begin January 23, 1981. The photo of Appellant with his T.D.C. number is dated 1985. In State's Exhibit 27, the T.D.C. fingerprint card for Appellant—now, T.D.C. 397384—shows he was "received" on March 25, 1982 from Nueces County for a five year sentence for burglary to begin April 26, 1985. This case notes "B/W *ret'd from* Nueces Co. *New Conviction. Remainder [sic] is [sic] 333278 is concurrent.*" (Emphasis added.) A finder of fact could reasonably conclude when considering these prints card in conjunction with the rest of exhibits 26 and 27 that Appellant's 1981 conviction for aggravated robbery became final, that he was released in time to commit a December 14, 1983 burglary, for which he was convicted and returned to T.D.C. to serve his sentence on the "new conviction" which would run concurrent with the remainder of his sentence for the 1980 robbery offense.

We disagree with the State's argument that the remainder of the exhibits proved the finality of the first felony. The above events do not necessarily show that the appeal was disposed of and the conviction was final. Appellant may well have been incarcerated in T.D.C. before his first conviction was final. *See* Tex.Code Crim.Proc. Ann. art. 42.09, Sec. 5 (Vernon 1979). We find *Johnson* controlling. Since no mandate from an appellate court, or any manner of proof showing the disposition of the appeal was introduced into evidence before the jury, the State failed to sustain its burden of proof. *Johnson*, at 414. The evidence fails to show finality.

The State further contends that even if the above evidence was insufficient to prove finality, any error was harmless because (1) proof of this prior conviction only affected the minimum range of punishment; (2) appellant did not object to the admission of the pen pack; and (3) the jury by its verdict showed that it was not considering the minimum punishment for this offense. Two Courts of Appeals have found similar errors to be harmless. *See Taylor v. State*, 755 S.W.2d 548, 551–53 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Russell v. State*, 744 S.W.2d 699, 700–7–1 (Tex.App.—Eastland 1988, pet. granted.)

Assuming arguendo that the State's failure to meet its burden of proof may constitute harmless error in an appropriate case, we will address the impact of the error in accordance with Tex.R.App.P. 81(b)(2).

A number of factors are to be considered in assessing the impact of error in the punishment phase of trial, such as jury argument, the evidence of the case, prior convictions, and punishment assessed. *See Arnold v. State*, 784 S.W.2d 372 (Tex. Crim.App.1990). A reviewing court must examine the record for indicia of factors reasonably conducing to affect minds of average rational jurors in their determination of punishment. *Newton v. State*, 784 S.W.2d 689 (Tex.Crim.App.1990).

The evidence at trial showed that appellant burglarized a building. The evidence admitted at punishment showed that appellant had two prior convictions. The State asked the jury to assess life imprisonment.

Appellant's counsel argued that the jury was realistically looking at a range from 25 to life and should assess the minimum.

The punishment range authorized by the charge effectively informs the jury how serious the legislature considers the defendant's illegality by requiring it to select a punishment from within that range and foreclosing consideration of punishment outside that range. Here, the jury determined that 50 years was an adequate punishment when it was instructed that the range was from 25 to 99, or life. Since appellant was convicted of burglary of a building, a second degree felony, the "true" punishment range applicable to this offense would have been, with one prior final felony conviction proved, that of a first degree felony, i.e., life or for any term not more than 99 or less than 5 years, plus a fine. Tex.Penal Code Ann. § 12.42(b) (Vernon 1974); Tex.Penal Code Ann. § 12-32(a) (Vernon Supp.1990).

In *Taylor,* the jury assessed punishment at life, the maximum sentence possible. In *Russell,* the jury assessed punishment at 99 years, virtually the maximum allowed. In those cases, the reviewing courts of appeals determined the State's failure to prove finality only affected the minimum range, and the juries were obviously not considering the minimum. The present case is distinguishable in that the jury ultimately assessed punishment closer to the minimum authorized than to the maximum. While the actual punishment assessed is not alone a gauge for harm, it serves to measure the jury's attitude toward appellant's conduct.

Assuming the same unobjected to evidence had been admitted at punishment, we must determine what impact the range of punishment might have had on the jury's consideration to assess a fifty year punishment. Under Tex.R.App.P. 81(b)(2), to affirm the judgment, we must find beyond a reasonable doubt that the error made no contribution to the punishment assessed. While the jury obviously did not assess the minimum it could have, we cannot say beyond a reasonable doubt that the jury would have assessed 50 years had it known

that 5 years, not 25 years, was the minimum. The jury may well have assessed a lesser punishment had it considered the starting point or minimum sentence was 5 years.

The judgment of guilt is affirmed, but because of error in the punishment phase of trial, the judgment of the trial court is reversed and the cause is remanded to the trial court. *See* Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1990).