**Larry WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–94–00134–CR, 04–94–00135–CR.**

Court of Appeals of Texas,
San Antonio.

March 29, 1995.

Nancy B. Barohn, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This appeal examines whether the State met its burden of proving two prior felony offenses as prerequisites for finding Larry Williams a habitual offender. We find it did and accordingly affirm the conviction.

### Facts

Williams, in the instant case, was charged and convicted for both burglary of a vehicle and theft. He was also alleged to be a habitual offender. The trial court found him to be a habitual offender and sentenced him to concurrent terms of 25 years in prison. In Williams sole point of error, complaint is made that the State failed to prove that Williams had previously been finally convicted of two other felony offenses as required by § 12.42(d) of the Texas Penal Code.

### Discussion

Section 12.42(d) of the Texas Penal Code provides as follows:

> If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

■ The State has the burden of proof as to prior convictions alleged for enhancement of punishment, and the standard of proof is beyond a reasonable doubt. *Ex parte Augusta,* 639 S.W.2d 481 (Tex.Crim.App.1982). The focus of Williams point of error is his second previous felony conviction. This was a 1979 conviction for armed robbery in *State of Texas vs. Larry Williams,* Cause No. 79–CR–290–D. Williams says the State documents showed he had filed a notice of appeal from the conviction, yet failed to demonstrate that the conviction was final through the issuance of a mandate of affirmance. Williams relies on the case of *Coats v. State,*

788 S.W.2d 674 (Tex.App.—Corpus Christi, 1990).

> After the State establishes that a defendant has been previously convicted, the appellate court will presume that the conviction is final when faced with a silent record regarding such. *Johnson v. State,* 784 S.W.2d 413 (Tex.Crim.App.1990). If, however, the State itself defeats the presumption of finality by showing that notice of appeal had been given, the State must produce evidence of finality. Until the mandate of an appellate court issues, a conviction is not final.

*Coats,* 788 S.W.2d at 675.

The court in *Coats,* under the facts of that case, did not feel the State had proved the finality of the conviction and reversed.

> Since no mandate from an appellate court, or any manner of proof showing the disposition of the appeal was introduced into evidence before the jury, the State failed to sustain its burden of proof. *Johnson,* at 414. The evidence fails to show finality.

*Coats,* 788 S.W.2d at 676.

 We agree with the reasoning and the result of the *Coats* court. However, in the instant case the State did introduce "manner or proof showing the disposition of the appeal." The word "mandate" was not used, but it does not have to be. The State, in their Exhibit 5, introduced the pen packet in cause number 79–CR–209–D, which among other things included an order from the Court of Criminal Appeals dated Jan. 25, 1980:

> This cause came on to be heard on the transcript of the record of the Court below, and the same being considered, because it is the opinion of this Court that there was no error in the judgment, *it is ordered, adjudged and decreed by the Court that the judgment be in all things affirmed....*

State Exhibit 5 (emphasis added).

It then concludes:

WHEREFORE, We command you to observe the order of our said COURT OF CRIMINAL APPEALS in this behalf and in all things have it duly recognized, obeyed and executed. *Id.*

 A mandate is simply a command of the court, which the court is authorized to give and which must be obeyed. *See Black's Law Dictionary,* p. 867 (5th ed. 1979). The above quoted language is a mandate, and does tell us what happened to William's appeal. The 1979 conviction was affirmed. So is the present conviction and punishment.