# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00568-CR

**Phillip Gary Farmer, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF PARKER COUNTY, 43RD JUDICIAL DISTRICT
### NO. 14166, HONORABLE DON MARSHALL CHRESTMAN, JUDGE PRESIDING

Appellant Phillip Gary Farmer was convicted by a jury of the manufacture and possession of more than 400 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. '' 481.112(f), .115(f) (West Supp. 2002). After considering evidence of eight previous felony convictions, his punishment on each count was assessed at confinement for life in the institutional division of the Texas Department of Criminal Justice, to be served consecutively, and a $244,000 fine. On appeal, he complains that the trial court erred in denying his motion for mistrial and admitting into evidence an unsigned handwritten statement that he gave to police while under arrest for an extraneous offense. We will affirm the trial court=s judgment.

## BACKGROUND

After receiving tips regarding a methamphetamine lab, investigators with the Cross Timbers Narcotics Task Force obtained a warrant to search the premises that was the subject of those tips. The

search revealed the operation of a methamphetamine lab and almost 1,900 grams of methamphetamine. As a result, Farmer was prosecuted for and convicted of manufacture and possession of over 400 grams of methamphetamine.

During the guilt/innocence phase of the trial, a juror approached a witness, James Peel, an investigator with the narcotics task force, outside the courtroom, asked him a question, and engaged him in a brief conversation. When this was brought to the court=s attention, Farmer requested a mistrial. The court questioned both the juror and Peel and determined that the conversation did not involve the facts of the case on trial and that the juror had not been affected by the exchange.

During the punishment phase of the trial, the State presented evidence that Farmer had been again arrested about one week before the trial on unrelated charges of manufacturing methamphetamine. After his arrest, he gave police a handwritten statement admitting his intent to manufacture methamphetamine; however, he later refused to sign his handwritten statement stating that he now wished to consult with an attorney. The unsigned statement was introduced as evidence of an extraneous offense at the punishment phase. In addition, the State presented evidence of Farmer=s eight previous felony convictions. Farmer now appeals to this Court contending that the trial court erred in denying his motion for mistrial and admitting the statement into evidence on the issue of punishment.

**DISCUSSION**

In his first point of error, Farmer contends that the trial court erred in denying his motion for mistrial based on the misconduct of one of the jurors. During the trial, Peel had testified regarding a smell that emitted from the premises in question, which was a basis for suspecting the presence of a

2

methamphetamine lab.  During one of the breaks, a juror approached Peel and asked, AHow far can you smell that smell when they=re cooking that stuff?@C referring to a methamphetamine lab.  Peel, not realizing that the man was a juror, responded that Ait depends@ and suggested the substance could be detected at a distance the juror estimated to be about fifty feet.  The juror then related that he was asking the question because he thought Adrug people@ were living next door to him and that he had discussed this with a county commissioner in his area.  By this time, Peel realized the man was a juror and the conversation ended.

When this incident was reported to the court, Farmer moved for a mistrial, alleging that the witness was attempting to display personal knowledge of the circumstances or facts of the case and that the entire court process was compromised by the juror=s display of lack of respect for the rules and instructions of the court.  The court then questioned both Peel and the juror out of the presence of the other jurors.  The juror stated several times that the conversation he had with Peel in no way related to the facts of the case on trial and that neither the conversation nor the court=s questioning regarding the incident had biased him.  The court admonished the juror again not to discuss anything with the witnesses in the trial, instructed him not to discuss with the other jurors the reason he was brought into the courtroom, and then denied the motion for mistrial.

The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of a case. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000). A trial court=s denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Id*. When a juror converses with an unauthorized person about the case at issue, injury to the accused is presumed, and a new trial may be required. *Quinn v. State*, 958 S.W.2d 395, 401 (Tex. Crim. App. 1997). This presumption, however, is rebuttable. A new trial is not required unless the accused has been injured; if the evidence shows that the case was not discussed or that nothing prejudicial to the accused was said, a new trial is not required. *Alba v. State*, 905 S.W.2d 581, 586-87 (Tex. Crim. App. 1995); *Thomas v. State*, 699 S.W.2d 845, 853-54 (Tex. Crim. App. 1985); *Drone v. State*, 906 S.W.2d 608, 617 (Tex. App.CAustin 1995, pet. ref=d). In determining whether this presumption of harm has been rebutted, the reviewing court should defer to the trial court=s resolution of the facts and its determination regarding the credibility and demeanor of the witnesses. *Quinn*, 958 S.W.2d at 401.

In the present case, the distance from which Peel could detect the smell from the particular methamphetamine lab in evidence was not at issue; therefore, the conversation did not involve the case on trial. Rather, the discussion related to the smell of methamphetamine in general. Both Peel and the juror testified in this regard, and the trial court was in the best position to ascertain the believability of their testimony. Furthermore, nothing prejudicial to Farmer was said during the conversation. As a result, the presumption of harm was rebutted, and the trial court did not abuse its discretion in denying Farmer=s motion for mistrial. Farmer=s first point of error is overruled.

In his second point of error, Farmer contends that the trial court erred in admitting into evidence a handwritten statement made by him while under arrest for an extraneous offense; he claims that no valid waiver of his rights was obtained. When reviewing a trial court=s decision to admit evidence, we use the abuse of discretion standard. *State v. Oliver*, 29 S.W.3d 190, 191 (Tex. App.CSan Antonio 2000, pet. ref=d). A reviewing court shows almost total deference to a trial court=s determination of the historical facts that are supported by the record, especially when the trial court=s fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). However, a mixed question of law and fact that does not involve the evaluation of credibility and demeanor is reviewed *de novo*. *Id*. Peel testified regarding the facts surrounding the taking of Farmer=s statement, and Farmer did not contest those facts; rather, Farmer contends that those facts demonstrate that he never waived his right to counsel. As a result, this matter is a question of law that we review *de novo*.

Initially, we note that Farmer=s signature was *not* required on his statement in order to make his statement admissible. Tex. Code Crim. Proc. Ann. art. 38.22, '' 1, 2 (West 1979). Article 38.22 provides that a written statement of the accused may be used if it is: (1) signed by the accused; (2) *made by the accused in the accused=s own handwriting*; or (3) if the accused is unable to write, bears the mark of the accused and is witnessed by a person other than the peace officer. *Id*. Furthermore, if the written statement is made as the result of a custodial interrogation, an accused must be advised of and knowingly, intelligently, and voluntarily waive his *Miranda* rights in order for the statement to be admissible. *Id*. ' 2; *Mays v. State*, 904 S.W.2d 920, 924 (Tex. App.CFort Worth 1995, no pet.). The court looks to the totality of the circumstances in determining whether a waiver is knowing and voluntary. *Mays*, 904 S.W.2d at 924. A waiver of *Miranda* rights may be inferred from the actions and words of the person interrogated; an explicit waiver is not required. *Port v. State*, 798 S.W.2d 839, 842 (Tex. App.CAustin 1990, pet. ref=d). The waiver requirements are satisfied if the accused is advised of his rights and acknowledges understanding those rights. *Villareal v. State*, 61 S.W.3d 673, 678 (Tex. App.CCorpus Christi 2001, pet. ref=d).

In the present case, the record shows that Peel advised Farmer of his *Miranda* rights at the time he was arrested and again before Farmer began writing his statement by hand. Farmer stated that he understood those rights. After signing the first page of the statement, Farmer crossed out his signature and invoked his right to counsel. At no time prior to that action did Farmer indicate that he wanted to invoke his right to counsel. Nor did he object to writing out his statement in his own hand. These facts are sufficient to establish that he knowingly and voluntarily waived his right to counsel at the time that he wrote out his

6

statement.  The fact that an accused later invokes a *Miranda* right does not affect the voluntariness of a previous waiver made before the right was invoked.  *Stinnett v. State*, 720 S.W.2d 663, 667 (Tex. App.CAmarillo 1986, no pet.) (Appellant=s terminating interview does not bear on voluntariness of previous statements.); *Allen v. State*, 666 S.W.2d 245, 247 (Tex. App.CDallas 1984), *aff=d*, 700 S.W.2d 924 (Tex. Crim. App.1985).  Farmer contends that invoking his right to counsel demonstrated that he never intended to waive his right.  We find the reverse to be true on these facts.  Farmer acknowledged two separate times that he understood his rights; he wrote out in his own hand a statement over a five-hour period; he then invoked his right to counsel.  No statement made by him after he invoked this right could be admitted.  However, any statement made before invoking this right is admissible, based on his previous waiver.

Even if we did not reach this conclusion and decided the statement was inadmissible, its admission would be harmless error.  Virtually all of the information contained in the challenged statement was admitted elsewhere during the trial without objection.  In fact, Farmer introduced a good portion of the information contained in the statement when he testified.  When the evidence that is the subject of a complaint is admitted elsewhere either by the defendant or by the State without objection, the admission of the complained of evidence is harmless error.  *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

A reviewing court considers a number of factors in order to assess the impact of error in the punishment phase of the trial, including jury argument, the evidence in the case, previous convictions, and the punishment assessed.  *Coats v. State*, 788 S.W.2d 674, 676 (Tex. App.CCorpus Christi 1990, pet.

7

ref=d).  We must examine the record for Aindicia of factors reasonably conducing to affect the minds of average rational jurors in their determination of punishment.@ *Id*.  Although the jury sentenced Farmer to two consecutive life sentences, the evidence presented, even excluding the statement, would justify the sentence.  The jury had convicted him of two aggravated controlled substance felonies involving a large amount of methamphetamine.  In addition, it heard that he was again arrested three weeks after leaving jailCand one week before his trialCwith another methamphetamine lab in his vehicle.  Furthermore, he admitted assisting others in the manufacture of methamhetamine in a residential neighborhood.  When this evidence is considered in addition to the evidence of his eight previous felony convictions, we conclude that the admission of his statement, if error, was harmless.  Tex. R. App. P. 44.2(a).  Accordingly, we overrule Farmer=s second point of error.

## CONCLUSION

Having overruled both of Farmer=s points of error, we affirm the trial court=s judgment.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   November 21, 2002

Do Not Publish

8