Guymon v. SOT














NUMBER 13-01-00674-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


JAMES THOMAS GUYMON, Appellant,

v.



THE STATE OF TEXAS, Appellee.


On appeal from the 103rd District Court of Willacy County, Texas.

 

O P I N I O N


Before Justices Hinojosa, Castillo, and Dorsey (1)

Opinion by Justice Hinojosa




 A jury found appellant, James Thomas Guymon, guilty of the offenses of kidnapping (2) and unlawful restraint of a child
fourteen years of age or younger, (3) and the trial court assessed his punishment (4) at life imprisonment. Appellant
challenges his convictions by seven issues. We reform the trial court's judgment, and affirm, as reformed.

A. Background

 On March 2, 2000, Willacy County Deputy Sheriff Brant Puente was on routine patrol west of Raymondville when he
noticed a car being driven on the shoulder of the road. Puente requested a vehicle plate check and was advised that the
vehicle's plates had expired. He then stopped the vehicle and asked the driver, appellant, to step out. Appellant staggered
from the vehicle, and Puente smelled alcohol on his breath. G.C. Jr., an eleven-year-old child unrelated to appellant, sat in
the front passenger seat. Puente observed that the child had spray paint on his nose and mouth. He seized a green can with
paint on it from inside the vehicle. Appellant was arrested for driving while intoxicated.

B. Amendment of Indictment

 In his first issue, appellant contends the trial court committed reversible error by allowing the State to amend the
indictment by deleting several phrases in the kidnapping and unlawful restraint counts. Appellant asserts the amended
indictment allowed the jury to find him guilty of allegations that constituted a non-offense or an offense over which the trial
court had no jurisdiction.

 

 The original indictment (5) provided:

Count Two



James Thomas Guymon, on or about the 2nd day of March 2000, did intentionally or knowingly abduct by force,
intimidation, or deception, restrain [G.C. Jr.], a child younger than fourteen (14) years of age, without [G.C., Jr.'s] consent,
by preventing the liberation by secreting the [G.C., Jr.], to wit: by striking [G.C., Jr.] and driving out of the Raymondville,
Willacy County, City limits.



Count Three


James Thomas Guymon, on or about the 2nd day of March 2000, did intentionally or knowingly by force, intimidation, or
deception, restrain [G.C., Jr.], a child younger than fourteen (14) years of age, without his consent, the victim did not
acquiescenced [sic] nor did any individual in loco parentisacquire [sic] to such acts of restraining victim, [G.C., Jr.], by
Defendant to wit: by forcing [G.C., Jr.], into the Defendant's vehicle.

 On the day of trial, the court allowed the State to strike part of the indictment, specifically excluding the language "striking
G.C., Jr. and" from count two, and "to wit: by forcing G.C., Jr., into the Defendant's vehicle" from count three. The State
then proceeded to trial on the remaining part of the indictment.

 The State may not amend an indictment, over the defendant's objection, on the day of trial. Tex. Code Crim. Proc. Ann.
art. 28.10 (Vernon 1989); State v. Murk, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991). If an indictment is amended on the
day of trial, the defendant must object to the amendment or the objection is waived. Murk, 815 S.W.2d at 558. 

 Here, on the day of trial, the trial court granted the State's request to amend the indictment, and appellant did not object. 
Once appellant was made aware of the amendment to the indictment, he was required to object to the amendment to
preserve any error. See id. By failing to do so, we hold he waived his right to complain of this issue on appeal. See id.;
Hoitt v. State, 30 S.W.3d 670, 674 (Tex. App.-Texarkana 2000, pet. ref'd). Appellant's first issue is overruled.

C. Sufficiency of the Evidence

 In his second issue, appellant complains that the trial court committed reversible error by overruling his two motions for
instructed verdict. Specifically, appellant contends the evidence is legally and factually insufficient to support his
convictions for kidnapping and unlawful restraint of a child fourteen years of age or younger. Appellant asserts the
evidence is legally and factually insufficient to prove he unlawfully restrained the child.

 When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The jury,
as the trier of fact, may use common sense and apply common knowledge, observation, and experience gained in ordinary
affairs when giving effect to the inferences that may be reasonably drawn from the evidence. Booker v. State, 929 S.W.2d
57, 60 (Tex. App.-Beaumont 1996, pet. ref'd); Wawrykow v. State, 866 S.W.2d 87, 88 (Tex. App.-Beaumont 1993, pet.
ref'd). As fact finder, the jury is the exclusive judge of the credibility of the witnesses and the weight to be afforded their
testimony. Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury is free to accept one version of the
facts, reject another, or reject all or any of a witness's testimony. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim.
App. 1981); Sills v. State, 846 S.W.2d 392, 394 (Tex. App.-Houston [14th Dist.] 1992, pet. ref'd). Sufficiency of the
evidence is measured by the hypothetically correct jury charge, which accurately sets out the law, is authorized by the
indictment, and does not unnecessarily increase the State's burden of proof. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.-Corpus Christi 1999, pet. ref'd). In conducting this
analysis, we may not re-weigh the evidence and substitute our judgment for that of the jury. King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). The standard is the same for both direct and circumstantial evidence cases. Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999); Vela v. State, 771 S.W.2d 659, 660 (Tex. App.-Corpus Christi 1989, pet.
ref'd).

 When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if (1)
the evidence demonstrating proof of guilt is so weak as to undermine confidence in the jury's determination or (2) the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson, 23 S.W.3d at 11. We are not
bound to view the evidence in the light most favorable to the prosecution, and may consider the testimony of all the
witnesses. Id. at 10-12. Disagreeing with the fact finder's determination is appropriate only when the record clearly
indicates that such a step is necessary to arrest the occurrence of a manifest injustice; otherwise, due deference must be
accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence. Id.

 A person is guilty of kidnapping if he intentionally or knowingly abducts another person. Tex. Pen. Code Ann. § 20.03(a)
(Vernon 1994). The term "abduct" means to "restrain a person with intent to prevent his liberation by . . . secreting or
holding him in a place where he is not likely to be found." Tex. Pen. Code Ann. § 20.01(2)(A) (Vernon Supp. 2003). The
term "restrain" means:

to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the
person from one place to another or by confining the person. Restraint is "without consent" if it is accomplished by any
means, including acquiescence of the victim, if the victim is a child who is less than 14 years of age or an incompetent
person and the parent, guardian, or person or institution acting in loco parentis has not acquiesced in the movement or confinement.

Tex. Pen. Code Ann. § 20.01(1)(B)(i) (Vernon Supp. 2003).

 Within the meaning of the term "abduct," the phrase "secreting or holding him in a place where he is not likely to be
found" is part of the mens rea of kidnapping, not its actus reus. King v. State, 961 S.W.2d 691, 694 (Tex. App.-Austin
1998, pet. ref'd). A kidnapping becomes a completed offense when a restraint is completed, and the actor evidenced an
intent to prevent liberation and he intended to do so by secretion. Mason v. State, 905 S.W.2d 570, 575 (Tex. Crim. App.
1995). It is unnecessary for the State to prove that a defendant moved his victim a certain distance, or that he held him a
specific length of time in order to establish the offense of kidnapping. Hines v. State, 75 S.W.3d 444, 447 (Tex. Crim.
App. 2002).

 A person commits the offense of unlawful restraint if he intentionally or knowingly restrains another person. Tex. Pen.
Code Ann. § 20.02(a) (Vernon Supp. 2003). As kidnapping is accomplished by abduction, which includes restraint,
unlawful restraint is committed only by restraint. Romero v. State, 34 S.W.3d 323, 325 (Tex. App.-San Antonio 2000, pet.
ref'd). Unlawful restraint is a lesser included offense of kidnapping. See Schweinle v. State, 915 S.W.2d 17, 19 (Tex.
Crim. App. 1996).

 In the instant case, several factors support the jury's verdict that appellant abducted, and necessarily restrained, the child. 
These factors are:

1. Effective Restriction of the Child's Movements

 Appellant effectively restricted the child's movement by transporting him in his vehicle to a remote location, at nighttime,
while the child was in a highly impaired state. The record reflects the child was outside a bar located in the City of
Raymondville. The bar owner, who had seen the child before at the bar, testified that the child opened the door to the bar
and motioned for appellant to come out. Appellant exited the bar, had a conversation with the child, then returned to his
beer. The child did this a second time. Appellant left the bar, and thereafter transported the child out of the city limits. 
Officer Puente stopped appellant's vehicle west of Raymondville, approximately one-fourth or one-half mile west of a
roadside park, at approximately 9:00 p.m. He testified it was already dark at that time.

2. Child's Inability to Give Consent

 By the very terms of the statute, the child was unable to give his consent. Because the child was under the age of fourteen
years, appellant need only have restricted the child's movement by "any means, including acquiescence of the victim," in
order for his actions to constitute restraint, provided that the child's parents did not consent or acquiesce to appellant's
actions. Tex. Pen. Code Ann. § 20.01(1)(B)(i) (Vernon Supp. 2003). It is undisputed from the record that the child's parent
or another acting in loco parentis did not give consent or acquiesce in the child's movement or confinement.

3. Intent to Prevent Liberation

 The record shows that appellant was unknown to both the child and his mother. At the time he was stopped by Deputy
Puente, appellant was transporting the child in a direction other than towards the location of the child's home. Appellant
was transporting the child in his vehicle out of the city limits. A rational juror could infer from the evidence the requisite
intent to prevent liberation by secreting or holding the victim in a place where he is not likely to be found.

 The evidence further shows the child was in a highly impaired state, having inhaled paint throughout the day. Although at
the time of trial the child desired to exercise his Fifth Amendment rights, he testified that because of his highly impaired
state he could not remember why he entered appellant's vehicle that night. He could not recall what he and appellant were
doing out by the roadside park at that time of night, other than he was inhaling paint. He also did not remember why
appellant had taken him out there.

 The child's sister confirmed the child's testimony that he did not remember things when he was high on spray paint. The
child's mother testified that she had thrown the child out of their home earlier that day because he had been inhaling paint. 
The mother identified the can of paint the child had been inhaling throughout the day. The child carried this can with him
throughout the day. During the time he was transporting the child, appellant allowed the child to continue inhaling the
paint. 

 After viewing all the evidence in the light most favorable to the jury's verdict, we conclude that any rational trier of fact
could have found the essential elements of the offenses of kidnapping and unlawful restraint of a child fourteen years of age
or younger, beyond a reasonable doubt. Further, after viewing all of the evidence, we conclude the evidence is not so weak
as to be clearly wrong and manifestly unjust or that the verdict is against the great weight of the evidence.

 Accordingly, we hold the trial court did not err in overruling appellant's two motions for instructed verdict because the
evidence is legally and factually sufficient to support appellant's convictions for the offenses of kidnapping and unlawful
restraint of a child fourteen years of age or younger. Appellant's second issue is overruled.

D. Jury Argument

 In his third issue, appellant contends the trial court committed reversible error by denying his motion for mistrial based on
improper jury argument by the prosecutor. Specifically, appellant complains that in his closing argument, the prosecutor
argued:

You know, [defense counsel] talks a lot about the responsibility of this child. . . . What about the responsibility of this man
here, if you call him a man. I think it's more likely that we call him a pervert.



 To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the
evidence presented at trial; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
a plea for law enforcement. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). An improper argument
constitutes reversible error when in light of the record as a whole it was manifestly improper or injected into the trial
proceedings new facts harmful to the accused. Borjan v. State, 787 S.W.2d 53, 56-57 (Tex. Crim. App. 1990). To preserve
improper jury argument for appellate review, a defendant must object and pursue the objection to an adverse ruling,
otherwise he forfeits his right to complain about the argument on appeal. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996); Flores v. State, 871 S.W.2d 714, 722 (Tex. Crim. App. 1993); see also Mathis v. State, 67 S.W.3d 918, 927
(Tex. Crim. App. 2002).

 Here, the record shows appellant failed to pursue his objection until he obtained an adverse ruling. Following the
prosecutor's statement, appellant's counsel objected to the characterization of his client as a "pervert" and moved the court
to declare a mistrial. The trial court sustained the objection, but did not instruct the jury to disregard the prosecutor's
statement and did not rule on the motion for mistrial. The prosecutor continued with his final argument.

 Appellant's counsel, apparently satisfied that the trial court had sustained his objection to the prosecutor's characterization
of his client as a "pervert," did not obtain an adverse ruling on his motion for mistrial. Where an adverse ruling is not
obtained, nothing is preserved for review. See Flores, 871 S.W.2d at 723. Appellant's third issue is overruled.

E. Admissibility of Evidence

 In his fourth issue, appellant complains of the trial court's admission of evidence during the punishment phase of the trial. 
Specifically, appellant contends the trial court committed reversible error by admitting, over his objection, penitentiary
packets (State's Exhibits 1-A and 1-B) containing photographs, judgments, sentences, fingerprint charts, and other
information concerning appellant's prior felony convictions.

 In reviewing a trial court's ruling on the admissibility of evidence, an appellate court must utilize an abuse-of-discretion
standard of review. Prystash v. State, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999). In other words, the appellate court must
uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to
the case. Romero v. State, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990). In addition, an appellate court must review
the trial court's ruling in light of what was before the court at the time the ruling was made. Weatherred v. State, 15 S.W.3d
540, 542 (Tex. Crim. App. 2000).

 The code of criminal procedure provides that during the punishment phase, a trial court may admit evidence of any matter
the court deems relevant to sentencing, including evidence of prior criminal convictions. Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (Vernon Supp. 2003). Properly authenticated penitentiary packets containing copies of the judgment and
sentence of a defendant's prior convictions are admissible at punishment. Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim.
App. 1986); Charleston v. State, 834 S.W.2d 517, 518 (Tex. App.-Corpus Christi 1992, no pet.). The certification of a
penitentiary packet by the record clerk of the Institutional Division of the Texas Department of Criminal Justice is proper
authentication for admissibility purposes. See Reed v. State, 811 S.W.2d 582, 587 (Tex. Crim. App. 1991); Washington v.
State, 905 S.W.2d 665, 668 (Tex. App.-Houston [14th Dist.] 1995, pet. ref'd).

 In the instant case, penitentiary packets, marked as State's Exhibits 1-A and 1-B, were certified by the record clerk of the
Institutional Division of the Texas Department of Criminal Justice. These penitentiary packets contained the judgments
and sentences in appellant's prior felony convictions and fingerprint charts, photographs, and descriptions of appellant. The
packets contained evidence showing that appellant was a habitual criminal offender. Such information is relevant to the
trier of fact assessing punishment. See Mayfield v. State, 803 S.W.2d 859, 862 (Tex. App.-Corpus Christi 1991, no pet.). 
We conclude the trial court did not abuse its discretion in admitting the penitentiary packets into evidence. Appellant's
fourth issue is overruled.

F. Sufficiency of Evidence of Prior Convictions

 In his fifth issue, appellant contends the trial court committed reversible error by accepting the State's claim that an
acceptable range of punishment was twenty-five years to life in the penitentiary, without sufficient evidence to support the
finality of either of appellant's prior convictions.

 Section 12.42(d) of the penal code governs when a defendant may be punished as a habitual offender. That section
provides:

If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the
defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an
offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished
by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not
more than 99 years or less than 25 years.



Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2003).

 The State has the burden of showing that the prior conviction alleged for enhancement purposes was final and that the
defendant was the person previously convicted of that offense. Wilson v. State, 671 S.W.2d 524, 525 (Tex. Crim. App.
1984);Smith v. State, 998 S.W.2d 683, 687 (Tex. App.-Corpus Christi 1999, pet. ref'd). If the State alleges two convictions
for enhancement purposes, it must prove beyond a reasonable doubt that the following sequence occurred: (1) the first
conviction became final; (2) the offense leading to a later conviction was committed; (3) the later conviction became final;
and (4) the present offense was committed. Tomlin v. State, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987); Ex parte
Augusta, 639 S.W.2d 481, 484 (Tex. Crim. App. 1982), overruled on other grounds by, Bell v. State, 994 S.W.2d 173 (Tex.
Crim. App. 1999); Williams v. State, 899 S.W.2d 13, 14 (Tex. App.-San Antonio 1995, no pet.).

 The record reflects the State offered into evidence the two penitentiary packets (State's Exhibits 1-A and 1-B) discussed
above. State's Exhibit 1-B shows that: (1) appellant was convicted of the felony offense of sodomy on March 7, 1968, for
which he was sentenced to three years probation; (2) on July 31, 1969, appellant committed the felony offense of fondling
the sexual parts of a child; (3) he pleaded guilty and was convicted of that offense on October 15, 1969; and (4) on
November 14, 1969, the trial court revoked appellant's probation because he had committed the offense of fondling the
sexual parts of a child. Appellant's conviction for the felony offense of sodomy became final when his probation was
revoked on November 14, 1969. See Jordan v. State, 36 S.W.3d 871, 875 (Tex. Crim. App. 2001) (probated sentence is a
final conviction for enhancement purposes under § 12.42 when it is revoked). State's Exhibit 1-A shows that: (1) on
August 20, 1974, appellant committed the felony offense of indecency with a child; and (2) appellant was convicted of that
offense on December 16, 1974.

 We find nothing in the record showing that any appeal was taken from either of these two convictions. After the State
establishes that a defendant has been previously convicted, the appellate court will presume that the conviction is final if
the record contains no evidence that the defendant filed an appeal. Coats v. State, 788 S.W.2d 674, 675 (Tex. App.-Corpus
Christi 1990, pet. ref'd).

 The present offense was committed on March 2, 2000. Because the evidence before the trial court was sufficient to
establish the finality and proper sequence of appellant's prior convictions, we conclude the State has met its burden as
required by section 12.42(d) of the penal code. See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2003).

 State's Exhibits 1-A and 1-B also included letters from the Hidalgo County Sheriff's Department Criminal Enforcement
Division, positively identifying appellant as being the same person convicted of the two prior felony offenses. The positive
identification was made after comparing the fingerprint chart of appellant on file with the Texas Department of Corrections
as a result of the prior convictions and the known fingerprints of appellant obtained in connection with the present offense. 
The record reflects the letters were not objected to on hearsay grounds and were admitted into evidence as part of State's
Exhibits 1-A and 1-B. We conclude the trial court could consider this evidence in determining whether appellant
committed the two prior felony offenses.

 Further, the trial court could make an independent determination that appellant was the same person previously convicted
by comparing the record photographs and detailed physical description contained in the penitentiary packets and appellant's
presence in court. Evidence is sufficient to prove that appellant is the same person named in a penitentiary packet if the
packet contains photographs and a detailed physical description of the named person and the fact finder can compare the
defendant's appearance with the person described in the packet. Hill v. State, 666 S.W.2d 130, 135 (Tex. App.-Houston
[14th Dist.] 1983, no pet.).

 We hold the evidence is sufficient to prove appellant was convicted of the two prior felony convictions beyond a
reasonable doubt. See Ex parte Augusta, 639 S.W.2d at 484;Williams, 899 S.W.2d at 14. Appellant's fifth issue is
overruled.

G. Motion for New Trial

 In his sixth issue, appellant complains the trial court abused its discretion by denying his motion for new trial. The only
complaint adequately briefed is appellant's claim that G.C. Jr.'s recantation testimony is newly discovered evidence.

 Motions for new trial based upon newly discovered evidence are governed by article 40.001 of the code of criminal
procedure. That article provides: "A new trial shall be granted an accused where material evidence favorable to the accused
has been discovered since trial." Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon Supp. 2003). The trial court has
discretion to decide whether to grant a new trial based upon newly discovered evidence, and its ruling will not be reversed
absent an abuse of discretion. Keeter v. State, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002); Monse v. State, 990 S.W.2d 315,
317 (Tex. App.-Corpus Christi 1999, pet. ref'd). The trial court's discretion extends to situations in which the
newly-discovered evidence is the retraction of a witness's testimony. Keeter, 74 S.W.3d at 37. The trial court determines
the credibility of the witnesses and whether the new evidence is probably true. Id.

 To show that the trial court abused its discretion in not granting a new trial based on newly discovered evidence, the record
must show that: (1) the newly discovered evidence was unknown to the movant at the time of trial; (2) the movant's failure
to discover the evidence was not due to his want of diligence; (3) the evidence is admissible and not merely cumulative,
corroborative, collateral, or impeaching; and (4) the evidence is probably true and would probably bring about a different
result in another trial. Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994); Monse, 990 S.W.2d at 318.

 With regard to the discovery of a recanting witness, the general rule is that a new trial should be granted where a witness
has testified to material inculpatory facts against the accused and after the verdict, but before the motion for new trial has
been acted upon, makes an affidavit that he testified falsely. Williams v. State, 375 S.W.2d 449, 451 (Tex. Crim. App.
1964); Villarreal v. State, 788 S.W.2d 672, 673-74 (Tex. App.-Corpus Christi 1990, pet. ref'd). An exception to the general
rule occurs when the trial court finds the recantation to not be credible based on the evidence adduced at trial, the recanting
affidavit, and the testimony at the hearing on the motion. Monse, 990 S.W.2d at 318. If the newly discovered evidence is
of questionable weight and credibility, and would probably not bring about a different result upon a new trial, the trial court
does not abuse its discretion in denying a new trial. Id.

 The record reflects that after conviction and sentencing, the child/victim signed an affidavit stating that he had been forced
by the district attorney and the assistant district attorney to testify at trial that he could not remember anything that
happened on March 2, 2000, because he was high on spray paint. He stated that the assistant district attorney told him he
had no Fifth Amendment right not to testify. He further stated that on the day in question, it was he who twice asked
appellant for a ride so that he could get high on spray paint and there was no force or threat of force involved.

 By the very terms of the statute under which appellant was convicted of at trial, a child under the age of fourteen years
cannot consent to being moved or confined, unless his parent, guardian, or person acting in loco parentis has acquiesced in
the movement or confinement. See Tex. Pen. Code Ann. § 20.01(1)(B)(i) (Vernon Supp. 2003). It is undisputed that
neither the child's parent nor any other person acting in loco parentis consented to the child's movement or confinement.

 Even if the trial court accepted the child's statements that he could remember the events of March 2, 2000, and that it was
he who asked appellant for a ride so that he could get high on spray paint, as being true, the trial court could have
determined that the weight of the newly discovered evidence was not such as would probably bring about different results
upon a new trial. See Drew v. State, 743 S.W.2d 207, 229 (Tex. Crim. App. 1987); Monse, 990 S.W.2d at 318. From the
evidence adduced at trial, the newly discovered evidence fails to meet the materiality requirement of article 40.001. See
Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon Supp. 2003).

 Further, the trial court had an opportunity to witness the child's credibility at trial. After both sides had rested, the child
asked the trial court to allow him to address the jury. Appellant moved to reopen his case in chief, and he called the child as
a witness. The child testified that he did not want appellant to be sent to prison for something he did not do. The child
blamed himself because he did not know what he was doing on the day in question because he was high on spray paint. 
The trial court denied the appellant's motion to reopen.

 At the hearing on the motion for new trial, appellant did not present the child/victim as a witness, nor did he explain his
absence. He merely attached the recanting affidavit to his motion. Thus, from the record, the trial court could have
questioned the credibility of the child because the recanting affidavit conflicts with the child's testimony before the court. 
The trial court could also have considered that the child/victim did not testify at the hearing on the motion for new trial, and
that the affidavit did not show that the young complainant knew the meaning or effect of what he had signed. Turner v.
State, 721 S.W.2d 909, 911 (Tex. App.-Houston [1st Dist.] 1986, pet. ref'd, untimely filed).

 Because the newly discovered evidence is of questionable weight and credibility, and would probably not bring about a
different result upon a new trial, we hold the trial court did not abuse its discretion in refusing to grant a new trial. See
Monse, 990 S.W.2d at 318. Appellant's sixth issue is overruled.

H. Implied Acquittal

 In his seventh issue, appellant contends the jury's verdict of guilty on the lesser included offense of unlawful restraint
necessarily implies an acquittal of the kidnapping charge. He argues that because the trial court allowed the jury to
consider the offense of kidnapping and the lesser included offense of unlawful restraint, the court allowed for an implied
acquittal of the kidnapping charge, and therefore his convictions are void.

 Unlawful restraint is a lesser included offense of kidnapping. See Schweinle, 915 S.W.2d at 19. When a jury is charged to
consider both greater inclusive and lesser included offenses, and returns a verdict of guilty only on the lesser offense, but
does not return a verdict on the greater offense, the jury is said to have returned an "implied acquittal" of the greater
offense. Ohio v. Johnson, 467 U.S. 493, 501 (1984); Green v. U.S., 355 U.S. 184, 189-91 (1957). As the Waco Court of
Appeals stated:

Although the jury is not required by the court's charge to return an express finding of "not guilty" on the greater offense, the
verdict can be treated as though "the jury had returned a verdict which expressly read: 'We find the defendant not guilty of
[the greater offense] but guilty of [the lesser-included offense].'" Green, 355 U.S. at 191.



State v. Restrepo, 878 S.W.2d 327, 328 (Tex. App.-Waco 1994, pet. dism'd); see also Tex. Code Crim. Proc. Ann. art.
37.14 (Vernon 1981). In the instant case, we conclude there is no "implied acquittal," because the jury found appellant
guilty of both charged offenses. Appellant's seventh issue is overruled.

 While we have found appellant's argument for an implied acquittal unpersuasive, after reviewing the record, we conclude
that the trial court's judgment must be reformed.

 The trial court's judgment reflects that the jury found appellant guilty of the greater inclusive offense of kidnapping and the
lesser included offense of unlawful restraint. However, appellant only received a single sentence of life imprisonment.

 The offense of kidnapping is a third-degree felony. Tex. Pen. Code Ann. § 20.03(c) (Vernon 1994). Section 12.42(d) of
the penal code allows a trial court to assess punishment of life imprisonment for habitual felony offenders following
conviction of a felony offense, other than a state jail felony. See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2003).

 The offense of unlawful restraint is a state jail felony, if the person restrained was a child younger than 17 years of age. 
See Tex. Pen. Code Ann. § 20.02(c)(1) (Vernon Supp. 2003). Section 12.42(a)(2) of the penal code permits two sequential
prior felony convictions to enhance a non-aggravated state jail felony to a second degree felony. See Tex. Pen. Code Ann.
§ 12.42(a)(2) (Vernon Supp. 2003). The maximum punishment for an individual adjudged guilty of a second degree felony
is twenty years imprisonment and a $10,000 fine. Tex. Pen. Code Ann. § 12.33 (Vernon 1994).

 Because the trial court assessed appellant's punishment at life imprisonment, we conclude appellant's sentence is for the
offense of kidnapping. Because there was no other punishment assessed, we conclude the trial court did not sentence
appellant for the lesser included offense of unlawful restraint. When the record reflects a conviction but no sentence, we
reverse and remand for a punishment hearing.

 However, when a defendant is convicted in a single criminal action (6) of two offenses that are the "same" (7) for double
jeopardy purposes, the remedy is to vacate one of the convictions. Landers v. State, 957 S.W.2d 558, 559 (Tex. Crim. App.
1997) (citing Ball v. United States, 470 U.S. 856, 864-65 (1985)); Moreno v. State, 1 S.W.3d 846, 864 (Tex. App.-Corpus
Christi 1999, pet. ref'd). The test for determining which conviction to vacate is set out in Landers. The "test requires
retaining the offense with the most serious punishment. . . . The 'most serious punishment' is the longest sentence imposed,
with rules of parole eligibility and good time serving as a tie-breaker." Landers, 957 S.W.2d at 560.

 The trial court assessed appellant's punishment at life imprisonment. The maximum punishment the trial court could
impose for the unlawful restraint offense is twenty years imprisonment and a $10,000 fine.

 Accordingly, we reform the trial court's judgment by vacating the unlawful restraint conviction. As reformed, the
judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

30th day of January, 2003.

1. Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, continues to sit on this
Court by assignment of the Chief Justice of the Texas Supreme Court pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon
1998).

2. See Tex. Pen. Code Ann. § 20.03(a) (Vernon 1994).

3. See Tex. Pen. Code Ann. § 20.02(a) (Vernon Supp. 2003).

4. Appellant's punishment was enhanced by two prior felony convictions. 

5. The original indictment had one count of injury to a child, one count of kidnapping, and two counts of unlawful
restraint. At the conclusion of the State's case in chief, the trial court dismissed the injury to a child count on Defendant's
Motion for Instructed Verdict, and the two counts of unlawful restraint were consolidated into one. The State then
proceeded on one count of kidnapping and one count of unlawful restraint.

6. A defendant is prosecuted in a "single criminal action" whenever allegations and evidence of more than one offense
arising out of the same criminal episode are presented in a single trial or plea proceeding, whether pursuant to one charging
instrument or several. Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995); Vallez v. State, 21 S.W.3d 778, 783
(Tex. App.-San Antonio 2000, pet. ref'd).

7. Greater inclusive and lesser included offenses are the same for jeopardy purposes. Parrish v. State, 869 S.W.2d 352,
354 (Tex. Crim. App. 1994).