**Harris Ray MONSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–98–054–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 11, 1999.

Rehearing Overruled May 20, 1999.

316

James M. Whitten, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty., Kenneth J. Gibson, Asst. Dist. Atty., Sinton, for the State.

Before Chief Justice SEERDEN and Justices HINOJOSA and RODRIGUEZ.

**OPINION**

SEERDEN, Chief Justice.

Harris Ray Monse pleaded guilty to the court, without a plea bargain, to the of-

fense of indecency with a child. He was convicted and sentenced to six years in prison and a $1,000 fine. Monse complains by a single ground on appeal that the trial court erred in refusing to grant a new trial when two witnesses against him recanted their testimony. We affirm.

The only evidence offered at trial to prove Monse's guilt was a Stipulation and Judicial Confession, signed by Monse and approved by the trial court, by which Monse consented to the introduction of testimony by affidavit and confessed to the allegation in the indictment that he engaged in sexual contact by touching the breasts and a part of the genitals of his stepdaughter, N.A.N., with the intent to arouse and gratify his sexual desire. Attached to that confession were additional statements by Monse, the victim, the victim's mother, and the victim's grandmother. Monse stated specifically that he fondled the victim's "boobs" and that he also "fondled her under her panty." The victim, N.A.N., stated that Monse had placed his hands in her panties and attempted to penetrate her with his fingers. N.A.N. further related in her affidavit that when she told her mother that Monse had unzipped her pants and was "playing with [her]," her mother had told her not to tell her grandmother because her mother did not want to get child protective services involved or for Monse to move out of the house. Her mother stated in her own affidavit that N.A.N. had told her that Monse unzipped her pants, but that N.A.N. made him leave before he could do anything. Her grandmother stated in her affidavit that N.A.N. had told her that she woke up to find Monse with his hand inside her panties.

After his trial counsel failed to timely file notice of appeal, the Texas Court of Criminal Appeals granted Monse an out-of-time appeal and he filed a motion for new trial on the ground that N.A.N. and her mother recanted their testimony. Monse attached his own affidavit, together with those of N.A.N. and her mother.

Monse stated in his affidavit that he had pleaded guilty on advice of his attorney, but that he did not expect to be sent to prison for six years, that he did not read his statement carefully, and that on the night of the alleged offense he did not remember what happened because he was "blind drunk and suffered a complete blackout." Monse further stated that he signed his own statement after being shown the statements by N.A.N. and her mother and believed that they were true. However, because N.A.N. and her mother now recanted, Monse stated that he now believes himself to be innocent of the charges against him. N.A.N. stated in her affidavit that she lied about Monse's action so that she could move out of Monse's house and into her biological father's house or her grandparents' house, as suggested to her by her grandfather. Her mother stated in her affidavit that she had signed a statement given to police without reading it, that N.A.N. had not told her that Monse sexually molested her, and that N.A.N. later said that her grandparents had coached her to lie about Monse.

The trial court granted a hearing on the motion, at which Monse did not attempt to offer testimony or other evidence aside from merely introducing into evidence the affidavits that he had attached to his motion.

Monse complains by his ground of error on appeal that the trial court erred in failing to grant his motion for new trial on the basis of the recanted testimony.

■ Motions for new trial based on recanted testimony are treated as a subset of the broader motion for new trial based on newly discovered evidence. *See* TEX.CODE CRIM. PROC. ANN. art. 40.001 (Vernon Supp. 1999). Such a motion is addressed to the sound discretion of the trial judge, and his decision should not be disturbed on appeal absent a clear abuse of discretion. *Bolden v. State,* 634 S.W.2d 710, 711 (Tex.Crim. App.1982); *Raetzsch v. State,* 745 S.W.2d 520, 522 (Tex.App.—Corpus Christi 1988, pet ref'd).

■ To show that the trial court abused its discretion in not granting a new trial, the record must reflect that: (1) the newly discovered evidence was unknown to the movant at the time of trial; (2) the movant's failure to discover the evidence was not due to his want of diligence; (3) the evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the evidence is probably true and would probably bring about a different result in another trial. *Moore v. State*, 882 S.W.2d 844, 849 (Tex.Crim.App. 1994); *Drew v. State*, 743 S.W.2d 207, 226 (Tex.Crim.App.1987); *Freeman v. State*, 838 S.W.2d 772, 778 (Tex.App.—Corpus Christi 1992, pet. ref'd).

■ Specifically with regard to the discovery of a recanting witness, the general rule is that a new trial should be granted where a witness has testified to material inculpatory facts against the accused and after the verdict, but before the motion for new trial has been acted upon, makes an affidavit that he testified falsely. *Williams v. State*, 375 S.W.2d 449, 451 (Tex.Crim.App.1964); *Villarreal v. State*, 788 S.W.2d 672, 673–74 (Tex.App.—Corpus Christi 1990, pet. ref'd). There are exceptions to the general rule where, among other things, the recanting witness is an accomplice or abandons the recantation, where the recantation is found not to be credible in light of the trial evidence, or where evidence is produced at the new trial hearing to show that the recantation is incredible or pressured. *Driggers v. State*, 940 S.W.2d 699, 708–09 (Tex.App.— Texarkana 1996, pet. ref'd); *Ashcraft v. State*, 918 S.W.2d 648, 653–54 (Tex.App.— Waco 1996, pet. ref'd); *Villarreal*, 788 S.W.2d at 673–74.

■■ As in all hearings on motion for new trial based on newly discovered evidence, the credibility of the witnesses and the probable truth of the new evidence is primarily a determination for the trial judge, who may consider the evidence adduced at trial, the recanting affidavit, and the testimony at the hearing of the motion for new trial. *Etter v. State*, 679 S.W.2d 511, 515 (Tex.Crim.App.1984); *Williams v. State*, 504 S.W.2d 477, 483 (Tex.Crim.App. 1974); *Williams*, 375 S.W.2d at 451; *Ashcraft*, 918 S.W.2d at 653–54; *Turner v. State*, 721 S.W.2d 909, 911 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd, untimely filed). If the newly discovered evidence is of questionable weight and credibility, and would probably not bring about a different result upon a new trial, the court does not abuse its discretion in refusing a new trial. *Jones v. State*, 711 S.W.2d 35, 37 (Tex.Crim.App.1986); *Driggers*, 940 S.W.2d at 708–09; *Ashcraft*, 918 S.W.2d at 653–54.

■ In the present case, Monse was convicted on his guilty plea, not by a conventional trial on the merits at which witnesses testified against him. His judicial confession alone was sufficient to support that plea. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App.1979); *Lemons v. State*, 953 S.W.2d 825, 828 (Tex. App.—Corpus Christi 1997, no pet.); Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.1999). Nor did Monse ever seek to withdraw that guilty plea before judgment was pronounced, or thereafter before the present theory of recantation was suggested for the first time in an application for post-conviction writ of habeas corpus. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim.App.1979); *Garcia v. State*, 960 S.W.2d 151, 157 (Tex.App.—Corpus Christi 1997, no pet.) (defendant may withdraw his guilty plea as a matter of right and without assigning reason until judgment is pronounced or the case has been taken under advisement; thereafter, withdrawal is within the sound discretion of the court).

By his motion for new trial, Monse challenges his own confession as having been based on the statements of other witnesses that he believed to be true, but who have now recanted. Accordingly, because Monse relied on the original statements of the victim and her mother in deciding to

plead guilty and in making his own prior statement admitting to the offense, he now attempts to use their recantations as a means to avoid that confession and secure a new trial. However, we do not agree that the recantations may be used in this indirect manner to avoid Monse's judicial confession.

Monse confessed to specific acts of sexual conduct, including touching the victim's breasts and fondling her genitals. Nowhere in his prior statement did Monse indicate that he could not remember what he had done or that he was relying on the statements of the other witnesses. Moreover, we have no authority for allowing the defendant to recant his own confession as newly discovered evidence in a post-trial motion. The first prong of the test for newly discovered evidence, i.e., that it was unknown to the defendant at the time of trial, see *Moore*, 882 S.W.2d at 849, clearly would not apply to the defendant's recantation of his own statement and judicial confession. Moreover, whether that confession was voluntarily given is an entirely separate issue that Monse has never raised. See TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979).

In addition, even if we do not consider that Monse was convicted on his plea of guilty and his judicial confession, the recantations by the other two witnesses are suspect in the present case. N.A.N.'s prior statement indicated that her mother had originally told her not to reveal what Monse had done. The fact that both N.A.N. and her mother have now recanted is consistent with pressure by her mother again to hide the truth in an attempt to bring Monse back. At least one other case has recognized that the trial court may take into account any indication that a young complainant remained vulnerable to the influence of interested adults and may have been pressured to recant, especially when the complainant does not testify at the hearing on motion for new trial. See *Turner*, 721 S.W.2d at 911.

In the present case, neither of the recanting witnesses were offered as witnesses at the hearing, nor was any reason given for their absence. Rather, Monse presented only the recanting affidavits under circumstances that raised substantial doubt concerning their present credibility. Accordingly, we conclude that the trial court acted within its discretion in overruling Monse's motion for new trial. We overrule Monse's ground of error.

We AFFIRM the judgment of the trial court.