NUMBER 13-01-726-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

RANDY ALF WOOD,                                                                   Appellant,
 
v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      
On appeal from the 410th District Court 
of Montgomery County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
          Appellant, Randy Alf Wood, appeals from the judgment of the trial court in a criminal
proceeding for aggravated sexual assault of a child.


 Appellant contends: (1) the trial court
abused its discretion when it failed to grant a motion for a judgment notwithstanding the
verdict or appellant’s motion for a new trial after the child recanted her statement following
the jury’s finding of guilt; (2) the evidence was legally insufficient for the jury to find
appellant guilty; and (3) the evidence was factually insufficient for the jury to find appellant
guilty. We affirm.
I. Motion for New Trial
A. Standard of Review
          By his first issue, appellant argues that the trial court abused its discretion when it
failed to grant a new trial following the recantation by the child complainant of her
incriminating testimony. 
          A motion for a new trial is within the sound discretion of the trial judge and his
decision should not be disturbed on appeal absent a clear abuse of discretion. Monse v.
State, 990 S.W.2d 315, 317 (Tex. App.–Corpus Christi 1999, pet. ref’d). To establish that
the trial court abused its discretion in not granting a new trial, the record must reflect that: 
(1) the newly-discovered evidence was unknown to the movant at the time of trial; (2) the
movant’s failure to discover the evidence was not due to his want of diligence; (3) the
evidence is admissible and not merely cumulative, corroborative, collateral or impeaching;
and (4) the evidence is probably true and would probably bring about a different result in
another trial. Id. at 318.
          Specifically with regard to the discovery of a recanting witness, the general rule is
that a new trial should be granted where a witness has testified to material inculpatory facts
against the accused and, after the verdict, but before the motion for new trial has been
acted upon, makes an affidavit that he testified falsely. Id. There are exceptions to the
general rule where, among other things, the recanting witness is an accomplice or
abandons the recantation, where the recantation is found not to be credible in light of the
trial evidence, or where evidence is produced at the new trial hearing to show that the
recantation is incredible or pressured. Id.
          As in all motion for new trial hearings based on newly-discovered evidence, the
credibility of the witnesses and the probable truth of the new evidence is primarily a
determination for the trial judge, who may consider the evidence adduced at trial, the
recanting affidavit, and the testimony at the hearing for the motion for new trial. Id. If the
newly-discovered evidence is of questionable weight and credibility, and would probably
not bring about a different result upon a new trial, the court does not abuse its discretion
in refusing a new trial. Id.
B. Analysis
                     We hold that according to the standard set forth above, the judge did not
abuse his discretion in denying a new trial because the evidence was sufficient to permit
the judge to disbelieve the complainant’s recantation and believe the complainant’s trial
testimony that sexual intercourse occurred between her and appellant, her cousin. 
           While the jury was deliberating, the complainant, H.W., recanted her testimony
regarding her sexual relationship with appellant to appellant’s trial counsel. However, when
brought back to the stand and placed under oath, H.W. testified that her initial statements
at trial recounting the relationship she had with appellant were truthful, and that she had
lied to appellant’s counsel when recanting her testimony.
          At the time of the recantation, H.W. had been in contact with family members and
friends of appellant, making the timing of the recantation suspect. Her post-trial testimony
reflects that the family “didn’t want to see [appellant] go into prison for the rest of his life
and that they were upset with everything,” and she felt somewhat responsible because she
agreed to the sexual intercourse. Consideration of these circumstances was within the trial
judge’s discretion because the trial court may take into account any indication that a young
complainant remained vulnerable to the influences of interested adults and may have been
pressured to recant. See id. at 319. H.W. later abandoned her recantation, and the
evidence at trial as well as at the post-trial hearing remained consistent. Importantly, H.W.
never made her recantation in court under oath. Therefore, we conclude that the trial court
acted within its discretion in denying appellant’s motion for a new trial. Accordingly,
appellant’s first issue is overruled. 
II. Legal Insufficiency
A. Standard of ReviewBy his second issue on appeal, appellant contends that the evidence was legally
insufficient to support his conviction. A challenge to legal sufficiency in criminal cases
requires the appellate court to review the relevant evidence in the light most favorable to
the prosecution. Clewis v. State, 922 S.W.2d 126, 132-33 (Tex. Crim. App. 1996); see
Jackson v. Virginia, 443 U.S. 307, 320 (1979). The court should consider all the evidence
in favor of the verdict, whether properly or improperly admitted or whether introduced by
the prosecution or the defense. Clewis, 922 S.W.2d at 132-33.
          In a jury trial, legal sufficiency is measured against the elements of the offense as
defined by a hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily increase the
State’s burden of proof or unnecessarily restrict the State’s theories of liability, and
adequately describes the particular offense for which the defendant was tried. Id. It is up
to the court to determine whether the jury was presented with evidence that established
all of the elements of the charge and whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Sanders v. State, 119 S.W.3d
818, 820 (Tex. Crim. App. 2003). 
          A person commits aggravated sexual assault of a child if he intentionally or
knowingly causes the penetration of the sexual organ of a child by any means and the
victim is younger than fourteen years of age. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)
& (a)(2)(B) (Vernon Supp. 2004). 
B. Analysis
          To prove appellant committed aggravated sexual assault under the theory alleged
in the indictment, the State had to show that appellant “intentionally and knowingly
(caused) the penetration of the female sexual organ of (H.W.) by inserting his sexual
organ, and at the time of the offense, (H.W.) was a child younger than fourteen years of
age;” and that he “intentionally and knowingly (caused) the sexual organ of (H.W.) to
contact the sexual organ of (appellant), and at the time of the offense, (H.W.) was a child
younger than fourteen years of age.” 
           The complainant, H.W., testified at trial that when she was eleven, she and
appellant had discussed having intercourse and that the following day, she engaged in
sexual intercourse with appellant. H.W. also testified to having intercourse with appellant
a second time. The record includes letters written by appellant from jail to the complainant
that suggest a romantic involvement between the two. One letter contained an apology
from the appellant for being jealous of the complainant’s teenage boyfriend and expressed
that she “was fine and had a good looking body.” Another letter suggested that the two of
them exchange “sex letters.” In addition, the record contains a report from a physical
examination of H.W. ,which revealed “clear evidence of penetrating vaginal trauma.” 
          A claim of legal insufficiency is, in effect, an argument that the case should never
have been presented to the jury. Westbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000, cert. denied). In the present case, we conclude that there was legally sufficient
evidence of each element of the offense charged. Appellant’s second issue is overruled. III. Factual Insufficiency
A. Analysis
          By his third issue on appeal, appellant contends that the evidence is factually
insufficient to support his conviction. When considering the factual sufficiency of the
evidence, the Court will view all the evidence without the prism of “in the light most
favorable to the prosecution” and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. State, 958
S.W. 2d 404, 407 (Tex. Crim. App. 1997). In other words, the court must consider “all the
evidence” in a review of factual insufficiency. Id. at 408. As with legal sufficiency, the court
will also measure the factual sufficiency of the evidence against a hypothetically correct
jury charge. See Malik, 953 S.W.2d at 240; Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.–Corpus Christi 2002, pet. ref’d).
          In conducting a factual sufficiency review, the court will evaluate the fact finder’s
weighing of the evidence. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
Evidence that tends to prove a material disputed fact will be reviewed and it will then be
compared with evidence that tends to disprove such fact. Id. Every fact need not point
directly and independently to the accused’s guilt. Id. A finding of guilt can rest on the
combined and cumulative force of all the incriminating circumstances. Id.
          Even though the court is authorized to disagree with the fact finder’s determination,
the court should use proper deference to avoid substituting its judgment for that of the fact
finder. Id. at 9. The court’s evaluation should not intrude substantially on the fact finder’s
role as the sole judge of the weight and credibility of the evidence. Id. The court is not free
to reweigh the evidence and set aside a jury verdict merely because the judges feel that
a different result is more reasonable. Cain, 958 S.W.2d at 407.
B. Analysis 
          The record includes testimony from H.W. that she had originally claimed she was
raped by appellant. H.W. said that she had falsely claimed appellant had raped her
because she was scared of her father. However, on the stand, she described the
encounter as consensual. H.W. also admitted to having sex with her boyfriend. The
physician who examined H.W. stated that she could not determine whether H.W.’s
boyfriend or appellant caused her vaginal trauma. Also, appellant testified he did not have
sex with H.W. and that he only wrote letters to her in an effort to raise her self-esteem. 
The letters did not explicitly refer to intercourse between appellant and H.W. Appellant
presented two witness who testified that H.W. had a bad reputation for truth and veracity
in the community. Furthermore, H.W. talked with appellant’s counsel and briefly recanted
her testimony during jury deliberations stating that she lied in her testimony before the jury,
though she eventually withdrew her recantation.
          This Court may not second-guess the jury, who had the opportunity to observe the
demeanor, expressions, gestures and tone of all witnesses during testimony. Reed v.
State, 991 S.W.2d 354, 360 (Tex. App.–Corpus Christi 1999, pet. ref’d). Accordingly, any
conflicts between complainant’s trial testimony and her prior statements are matters for the
jury to reconcile. Id. Therefore, we conclude that the jury’s verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis, 922
S.W.2d at 129. Accordingly, appellant’s third issue is overruled.
IV. Conclusion
          Having overruled all of appellant’s issues, we affirm the decision of the trial court. 
                                
                                                                                      _
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 19th day of August, 2004.