NUMBER 13-03-483-CR
NUMBER 13-03-502-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG




GILBERT DAVILA & 
JUAN JOSE DAVILA,                                                                 Appellants,

v.

THE STATE OF TEXAS,                                                                Appellee.




On appeal from the 36th District Court of San Patricio County, Texas.




MEMORANDUM OPINION

                     Before Justices Hinojosa, Castillo, and Baird



                                           Memorandum Opinion by Justice Baird
          Appellants were charged by indictment with the offense of capital murder. The
State did not seek the death penalty. Appellants were tried jointly and convicted by a jury
of the charged offense. The trial judge automatically assessed punishment at confinement
for life in the Texas Department of Criminal Justice–Institutional Division. We affirm.
I. Sufficiency Challenges.
          Each appellant challenges the legal and factual sufficiency to support their
respective convictions. We will begin with a summary of the evidence adduced at trial,
determine the appropriate standards of appellate review, and analyze each point of error.
A. Factual Summary.
          The appellants, Gilbert and Juan Davila, are brothers. On October 12, 2002, the
appellants and several friends gathered for a birthday party. At some point during the
evening, a fight broke out between Joe Rendon and George Garcia. Enrique Rendon and
Gilbert broke up the fight. The next morning Garcia and his girlfriend, Bernice Alvarez,
were found dead along the roadside.



          Much of the trial testimony was impeached with prior inconsistent statements. The
State’s theory of prosecution was that appellants left the location of the party with Garcia
and Alvarez in the front seat of Gilbert’s vehicle. Appellants returned a short time later,
admitted to killing the complainants, bathed, burned their clothes, and altered the interior
of the vehicle to remove evidence of the crime. Appellants testified they had nothing to do
with the murders. The jury accepted the State’s theory of prosecution, rejected the
defensive theory, and convicted each appellant of capital murder. The evidence will be
developed more fully later in this opinion.
B. Standards of Appellate Review.
          Appellants raise two points of error contending the evidence is legally and factually
insufficient to support their convictions. Legal sufficiency is the constitutional minimum
required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal
conviction. Jackson v. Virginia, 443 U.S. 307, 315-16 (1979). The appellate standard for
reviewing a legal sufficiency challenge is whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Id. at 320. The
evidence is examined in the light most favorable to the fact-finder. Id. Sufficiency of the
evidence is measured by the hypothetically correct jury charge, which accurately sets out
the law, is authorized by the indictment, and does not unnecessarily increase the State's
burden of proof. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v.
State, 3 S.W.3d 99, 105 (Tex. App.–Corpus Christi 1999, pet. ref'd). A successful legal
sufficiency challenge will result in the rendition of an acquittal by the reviewing court. Tibbs
v. Florida, 457 U.S. 31, 41-42 (1982).
          We employ a different standard of appellate review when determining whether the
evidence is factually sufficient to support the verdict. First, we assume the evidence is
legally sufficient under the Jackson standard. Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996). We then consider all of the record evidence, not just the evidence which
supports the verdict. Id. We review the evidence weighed by the jury which tends to prove
the existence of the fact in dispute, and compare it to the evidence which tends to disprove
that fact. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We may
disagree with the jury's determination, even if probative evidence exists which supports the
verdict. Clewis, 922 S.W.2d at 133. However, our evaluation should not substantially
intrude upon the jury's role as the sole judge of the weight and credibility of witness
testimony. Santellan, 939 S.W.2d at 164. We set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (quoting Clewis, 922 S.W.2d at 129). This
occurs when "the proof of guilt is so obviously weak as to undermine confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof." Id. at 11.
C. Analysis.
          Appellants’ challenges are limited to whether the evidence is legally and factually
sufficient to prove they were the ones who caused the deaths of the complainants. We
first turn to the evidence supporting the jury’s verdict in Gilbert’s case. Gilbert admitted
killing the complainants to three individuals: Clarissa Hernandez, Joe Rendon, and Enrique
Rendon. Additionally, Gilbert asked Alex Rendon and April Denny to lie to law
enforcement officers to impede their investigation. Furthermore, there is evidence from
multiple sources that Gilbert altered the interior of his vehicle. The deduction from this
testimony is that the alterations were done to hide evidence of the murders which took
place in the front seat of the vehicle.
          Gilbert argues the evidence is insufficient because the testimony of the State’s
witnesses is not credible because it was impeached with prior statements and was
otherwise contradicted. In making this argument, Gilbert candidly admits that contradictory
testimony from a witness does not render the evidence insufficient. Mercado v. State, 695
S.W.2d 25, 29 (Tex. App.–Corpus Christi 1985), aff'd, 718 S.W.2d 291 (Tex. Crim. App.
1986). The jury was the exclusive judge of the facts proved and of the weight to be given
to the testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979). Therefore, the
jurors were free to accept or reject any or all testimony of these witnesses’ testimony. 
Alvarado v. State, 818 S.W.2d 100, 105 (Tex. App.–San Antonio 1991, no pet.). In
convicting Gilbert, the jury obviously chose to accept the aforementioned testimony and
rejected the testimony of appellants. When we review the State’s evidence in the light
most favorable to the jury’s verdict, we find the evidence was sufficient for a rational jury
to have found the essential elements of the offense beyond a reasonable doubt. Jackson,
443 U.S. at 320. Consequently, we hold the evidence is legally sufficient to support the
jury’s verdict. Gilbert’s first point of error is overruled.
          We now turn to the factual sufficiency challenge, and view the evidence in a neutral
light to determine if the verdict is against the great weight and preponderance of the
available evidence. Johnson, 23 S.W.3d at 11. As noted above, our evaluation of this
evidence in this light should not substantially intrude upon the jury's role as the sole judge
of the weight and credibility of the testimony. Santellan, 939 S.W.2d at 164. When the
State’s evidence is considered in a neutral light, we cannot say that the jury’s verdict was
so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Johnson, 23 S.W.3d at 7. Nor can we say the jury’s verdict either "shocks the conscience,"
or "clearly demonstrates bias." Santellan, 939 S.W.2d at 164. Accordingly, we hold the
evidence is factually sufficient. Gilbert’s second point of error is overruled.
          We now turn to Juan’s legal sufficiency challenge. According to the testimony of
Joe Rendon, Juan admitted shooting Garcia once, and Alvarez twice – “[o]ne went all the
way through her into the dashboard. That’s why he shot the second time.”


 This testimony
is corroborated by Dr. Ray Fernandez of the Nueces County Medical Examiner’s Office. 
Fernandez testified that Garcia died as a result of a single gunshot wound to the head. 
Alvarez died as a result of two gunshot wounds to the head. One wound was described
as a “perforating gunshot wound” which means the projectile “went in and out, through and
through the body.” When this evidence is viewed in the light most favorable to the
prosecution, we find the State’s evidence was sufficient for a rational jury to have found the
essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 320. 
Consequently, we hold the evidence is legally sufficient to support the jury’s verdict. Juan’s
third point of error is overruled.
          Similarly, we hold the evidence is factually sufficient. In other words, the jury’s
verdict in Juan’s case was not so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. Johnson, 23 S.W.3d at 7. Neither does the verdict shock
the conscience or "clearly demonstrate bias. Santellan, 939 S.W.2d at 164. Accordingly,
Juan’s second point of error is overruled.
II. Newly Discovered Evidence and Actual Innocence.
          Juan’s first and fourth points of error deal with the evidence developed at the
hearing on his motion for new trial. After appellants’ trial, Gilbert wrote a letter to Juan. 
The letter described Gilbert riding in his car with the complainants in the front seat. 
However, Enrique and Joe Rendon, not Juan, were in the back seat. During the ride,
Garcia and Enrique renewed the earlier argument, and Enrique shot and killed both Garcia
and Alvarez. Gilbert testified he never told anyone, except his attorney, this version of the
events. The letter was introduced into evidence. Gilbert admitted that his testimony at trial
was not truthful, and that he asked other witnesses, including Juan, to testify falsely during
the trial. 
          Juan also testified at the motion for new trial hearing, and admitted his testimony
that Gilbert’s vehicle had not been modified was false. He further stated that he did not
receive Gilbert’s letter until after their trial. Juan had asked Gilbert on several occasions
for information about the murders, but Gilbert did not say anything other than “Enrique had
f----- up.” On cross-examination, Juan conceded that Gilbert’s remark was made in
connection with the murders. Juan did not tell his attorney about this remark. Juan
testified he first learned of how the murders were actually committed and who was involved
in altering the vehicle when he received Gilbert’s letter. 
          In response to this testimony, the State offered the affidavit of Gilbert’s trial attorney,
who stated Gilbert revealed his new version of the murders during a conference after
appellants rested their case and before the start of the State’s rebuttal. Counsel stated:
“To me, this new story was highly implausible, because it was not likely, after the fight
between Garcia and Enrique Rendon’s brother, and the mean words exchanged in that
fight, that Garcia would consent to entering a car driven by or occupied by any Rendon. I
felt that [Gilbert] was grasping for some way out for his brother.” The trial judge
subsequently denied the motion for new trial. 
A. Newly Discovered Evidence.
          The first point of error contends Gilbert’s letter to Juan constituted newly discovered
evidence which required the granting of a new trial. A trial court has discretion to decide
whether to grant a new trial based upon newly discovered evidence, and its ruling will not
be reversed absent an abuse of discretion. Keeter v. State, 74 S.W.3d 31, 37 (Tex. Crim.
App. 2002); Henderson v. State, 82 S.W.3d 750, 754-55 (Tex. App.–Corpus Christi 2002,
no pet.); Monse v. State, 990 S.W.2d 315, 317 (Tex. App.–Corpus Christi 1999, pet. ref'd). 
The Texas Code of Criminal Procedure provides that a new trial shall be granted where
material evidence favorable to the accused has been discovered since trial. Tex. Code
Crim. Proc. Ann. art. 40.001 (Vernon Supp. 2004); Keeter, 74 S.W.3d at 36. To establish
an abuse of discretion, Juan must show: (1) the evidence was unknown to him before trial;
(2) his failure to discover the evidence was not due to his want of diligence; (3) it is
probably true and its materiality will probably bring about a different result upon a new trial;
and (4) it is competent, not merely cumulative, corroborative, collateral, or impeaching. 
Keeter, 74 S.W.3d at 36-37.
          In the instant case, assuming arguendo that the first and second prongs have been
met, we turn to the third prong. The "probably true" requirement means the trial court must
determine that the whole record presents no good cause to doubt the credibility of the
witness whose testimony constitutes new evidence, either by reason of the facts proven
at the trial or by the controverting affidavits on the motion, or otherwise. Id. at 38; Jones
v. State, 711 S.W.2d 35, 37 n.4 (Tex. Crim. App. 1986); Henderson, 82 S.W.3d at 755. 
Stated another way, the trial court can find the new evidence is probably not true when it
contradicts either the mass of reliable testimony at trial or the defendant's own testimony,
or the new testimony is inconsistent or otherwise inherently suspect. Henderson, 82
S.W.3d at 755.
          To have granted the motion for new trial, the trial judge would have had to believe
Gilbert’s testimony at that hearing. However, at that hearing, Gilbert admitted that he had
lied when testifying at the trial, and had instructed others to lie. Additionally, at the hearing,
Juan admitted that a portion of his trial testimony was false. The testimony of both Gilbert
and Juan at the motion for new trial hearing contradicts their own trial testimony, and their
admitted perjury makes the motion for new trial testimony inherently suspect. Based on
Gilbert’s admitted perjury, the trial judge certainly had cause to doubt Gilbert’s credibility
– the witness whose testimony constitutes new evidence – and was within his discretion
to determine that the "new" evidence probably was not true; therefore, the third Keeter
prong is not satisfied. Juan’s first point of error is overruled. 
B. Actual Innocence.
          Juan’s fourth and final point of error raises an actual innocence claim. Claims of
actual innocence are categorized as either Herrera-type claims or Schlup-type claims. See
generally Schlup v. Delo, 513 U.S. 298 (1995); Herrera v. Collins, 506 U.S. 390 (1993). 
A Herrera-type claim involves a substantive claim in which the applicant asserts his bare
innocence based solely on newly discovered evidence. Ex parte Franklin, 72 S.W.3d 671,
675 (Tex. Crim. App. 2002). A Schlup-type claim is a procedural claim in which the
applicant's claim of innocence does not provide a basis for relief, but is tied to a showing
of constitutional error at trial. Id.
          Juan urges a Herrera claim. A conviction that results from a constitutionally error-free trial is entitled to the greatest respect. Id. at 677-78. Therefore, a defendant asserting
a Herrera-type claim based on newly discovered evidence must show by clear and
convincing evidence that no reasonable fact finder would have convicted him in light of the
newly discovered evidence. Id. at 677; Ex parte Elizondo, 947 S.W.2d 202, 209 (Tex.
Crim. App. 1996). The trial judge's job is not to review the fact finder's verdict, but to
decide whether the newly discovered evidence would have convinced the fact finder of the
defendant's innocence. Elizondo, 947 S.W.2d at 209; State v. Nkwocha, 31 S.W.3d 817,
820 (Tex. App.–Dallas 2000, no pet.).
          In the instant case, Juan presented Gilbert’s testimony and his own. Both admitted
to testifying falsely under oath at their trial. Therefore, the trial judge was free to find that
Gilbert’s new version of the murders did not constitute clear and convincing evidence
sufficient that no reasonable juror would have convicted Juan. This conclusion is further
justified in light of Joe Rendon’s testimony that Juan admitted shooting the complainants. 
Accordingly, we hold Juan has not established his actual innocence. Accordingly, Juan’s
fourth point of error is overruled.
          The judgment of the trial court in each case is affirmed.



                                                                           CHARLES F. BAIRD
                                                                           Justice

Publish. 
Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered 
and filed this the 26th day of August, 2004.