WILCOTS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-186-CR

RONDEZ WILCOTS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW

------------

Pursuant to rule of appellate procedure 50, we have reconsidered our opinion upon appellant Rondez Wilcots’s petition for discretionary review.  
See
 
Tex. R. App. P.
 50.  We withdraw our opinion and judgment of August 12, 2004 and substitute the following. 

Appellant Rondez Wilcots pled guilty to sexual assault, and the trial court placed him on deferred adjudication community supervision.  The State later filed a motion to revoke, and the trial court adjudicated appellant guilty and sentenced him to eight years’ confinement.  Appellant filed a timely motion for new trial, which the trial court denied without conducting an evidentiary hearing.  Appellant’s sole issue on appeal is that the trial court erred by refusing to hold a hearing on his motion for new trial.
(footnote: 2)
 A defendant’s right to an evidentiary hearing on a motion for new trial is not an absolute right, and we will reverse a trial court’s decision not to conduct a hearing only where the court has abused its discretion.  
Reyes v. State
, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993); 
Mallet v. State
, 9 S.W.3d 856, 867-68 (Tex. App.—Fort Worth 2000, no pet.).  An evidentiary hearing is necessary if the motion, accompanied by one or more affidavits, shows reasonable grounds for relief that are not determinable from the record. 
 King v. State,
 29 S.W.3d 556, 569 (Tex. Crim. App. 2000); 
Jordan v. State
, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994); 
Reyes
, 849 S.W.2d at 816; 
Mallet
, 9 S.W.3d at 868.  The affidavit must allege facts supporting the movant’s claim.  
See Jordan
, 883 S.W.2d at 665.  

The only specific facts appellant alleges in his motion for new trial are that “[t]he complainant in the case . . . has recanted her prior allegation that she was assaulted by [appellant]. . . . [S]he will testify that she never had sex with [appellant] and that she was never assaulted in any way by [appellant].”  He also claims that “[h]earing her testimony would most likely result in a different result. . . . [and] would have exonerated [appellant].”  Thus, appellant contends that newly discovered evidence will prove his actual innocence of the original offense.  He also claims that his original plea was involuntary.

At a hearing in which the trial court heard argument on whether it should conduct an evidentiary hearing on appellant’s motion for new trial, appellant’s counsel explained that his plea was involuntary because “he was led to believe that [the complainant] was going to testify against him, and that was not the case.  [The complainant] was going to tell them that she never had sex with him, and that was withheld from him and caused him to enter his plea.”   However, this factual explanation was not included in the motion for new trial or accompanying affidavit; thus, the trial court did not abuse its discretion in denying the motion for new trial on this ground.
(footnote: 3)
 As to appellant’s claim of actual innocence, a motion for new trial based upon newly discovered evidence is inconsistent with a plea of guilty or no contest.  
See Monse v. State
, 990 S.W.2d 315, 319 (Tex. App.—Corpus Christi 1999, pet. ref’d) (“[W]e have no authority for allowing the defendant to recant his own confession as newly discovered evidence in a post-trial motion.”); 
Johnston v. State
, 774 S.W.2d 818, 820-21 (Tex. App.—Dallas 1989, no pet.); 
Beard v. State
, 703 S.W.2d 273, 275 (Tex. App.—Houston [14th Dist.] 1985, pet. ref’d).  In such a case, the trial court does not abuse its discretion in denying a motion for new trial, even if it has heard evidence that the complainant has recanted his or her testimony.  
See Monse
, 990 S.W.2d at 317-19; 
Johnston
, 774 S.W.2d at 820-21.  Therefore, appellant’s motion for new trial did not allege reasonable grounds upon which the trial court could have granted him relief,
(footnote: 4) and the trial court did not abuse its discretion in denying him an evidentiary hearing on his motion for new trial.
(footnote: 5)  

We overrule appellant’s sole issue and affirm the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL A:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

CAYCE, C.J. concurs without opinion

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 29, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The State contends that the appeal should be dismissed for want of jurisdiction because this is a plea bargain case and appellant did not obtain the trial court’s permission to appeal this issue, which was not raised by pretrial motion.  
See
 
Tex. R. App. P.
 25.2.  The State also erroneously claims that the trial court did not certify appellant’s right to appeal.  
See
 
Tex. R. App. P.
 25.2(d).  We hold that we do have jurisdiction to address appellant’s issue because it is unrelated to both appellant’s conviction and the trial court’s decision to adjudicate.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5 (Vernon Supp. 2004-05);
 McGee v. State
, 124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, pet. ref’d).

3:
Appellant’s motion also contended that a new trial should be granted on other grounds, but the only grounds he advances on appeal are his claim of actual innocence and claim that his plea was involuntary.

4:
In order to obtain a new trial based on newly discovered evidence, a defendant 
must
 prove the following:

(1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial;

(2) the movant’s failure to discover or obtain the evidence was not due to a lack of diligence;

(3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and,

(4) the new evidence is probably true and will probably bring about a different result on another trial.  

Keeter v. State
, 74 S.W.2d 31, 36-37 (Tex. Crim. App. 2002).  Appellant’s claims in his motion for new trial do not satisfy either the first or second elements that he must prove in order to obtain a new trial based on newly discovered evidence.  
See Monse
, 990 S.W.2d at 319; 
Johnston
, 774 S.W.2d at 820.

5:
Appellant acknowledges that actual innocence claims are typically brought by post-conviction writ but argues that in the interest of justice and judicial expediency, the trial court should have heard evidence on his claims. But one of the purposes of an evidentiary hearing on a motion for new trial is to afford an appellant meaningful appellate review.  
See Reyes
, 849 S.W.2d at 815.  Absent certain exceptions that are not applicable here, this court is bound by established precedent prohibiting it from considering evidence regarding an original plea after a subsequent revocation proceeding.  
See Nix v. State,
 65 S.W.3d 664, 667-69 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).